(17 Misc. Rep. 369)

DAMMANN v. PETERSON.

(Supreme Court, Appellate Term, First Department. June 9, 1896.)

DISTRICT COURT OF NEW YORK CITY—JURISDICTION—OBJECTIONS TO.
Laws 1882, c. 410 (Consolidation Act), § 1285, relating to the district courts of New York City, prescribes the district in which an action shall be brought. Section 1382 provides that, where an action is brought in the wrong district, it shall be dismissed if the objection is raised at the

trial, but that it was waived if not taken at the trial, and the court will be deemed to have jurisdiction. *Held*, that the objection that the action was brought in the wrong district could not be raised by demurrer.

Appeal from Sixth district court.

Action by Margaret Dammann against John Peterson on a promissory note. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

W. W. Butcher, for appellant.

W. J. Boyhan, for respondent.

PER CURIAM. The action was against the defendant as the maker of a promissory note. The defendant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and in his argument before the justice avowed as his sole cause of demurrer the omission of the plaintiff to allege in her complaint that one or both of the parties litigant resided within the territory comprising the Sixth judicial district, the area of the court's jurisdiction. It was claimed that the rule applicable to inferior courts requires that the facts necessary to confer jurisdiction must be alleged, and Frees v. Ford, 6 N. Y. 176; Gilbert v. York, 111 N. Y. 544, 19 N. E. 268; Bunker v. Langs, 76 Hun. 543, 28 N. Y. Supp. 210; Peck v. Dickey, 5 Misc. Rep. 96, 24 N. Y. Supp. 834,—are cited to sustain the contention. These cases relate to the jurisdiction of the county courts, which in ordinary actions is limited to cases wherein the defendant, or two or more defendants, are residents of the county at the time of the commencement of the action (Judiciary Act, Laws 1847, c. 280, § 30; Code Civ. Proc. § 340, subd. 3), and depend upon the peculiar construction of these statutes. There is no such limitation upon the jurisdiction of the district courts, which is made to depend solely upon the character of the cause of action. Code, § 3215; Consolidation Act 1882, § 1285. True, the statute prescribes with particularity the district in which the action shall be brought (Consolidation Act, § 1289), and the consequences of failure to comply with the statute in this respect are stated in section 1382 of the same act as follows:

"Judgment that the action be dismissed, with costs, without prejudice to a new action, shall be rendered in the following cases: * * * (3) When it is objected at the trial, and appears by the evidence that the action is brought in the wrong district, * * * or that the court has not jurisdiction; but if the objection be taken and overruled, it is cause only for reversal on appeal, and does not otherwise invalidate the judgment; if not taken at the trial it is waived, and the court will be deemed to have jurisdiction."

The defendant did not object upon the trial, nor did he prove or offer to prove by evidence, that the action was brought in the wrong district. Hence the objection was waived, and the court deemed to have jurisdiction. Such is the language of the special statute relating to district courts, and the cases relied upon, construing the special statutes relating to county courts, have no relevancy to the question involved. As the county courts in the cases

cited depended upon the residence of the defendants for their jurisdiction, the plaintiffs therein were obliged to allege, and, if denied, prove, the jurisdictional facts, and that is all those cases decide; whereas in an .action brought in the district courts the plaintiff is not required to allege or prove the residence of either or all of the parties within the judicial district,. and the defendant, in order to raise the point, is required, not only to object upon the trial that the action is brought in the wrong district, but to make the fact appear by the evidence. The demurrer interposed was therefore unauthorized. It presented no valid plea to the jurisdiction; and, the complaint being verified, and the defendant having been duly served with the summons, the justice properly awarded judgment in favor of the plaintiff for the amount claimed. Consolidation Act, § 1383.

It follows that the judgment must be affirmed, with costs.