(47 App. Div. 609.)

WORTHINGTON v. LONDON GUARANTEE & ACCIDENT CO., Limited.

(Supreme Court, Appellate Division, First Department.   February 9, 1900.)

1. LOCAL COURTS—JURISDICTION—FOREIGN CORPORATIONS.

Since the municipal court of the city of New York is a new court, and not a continuation of the district court, the provision of Greater New York Charter, § 1364, conferring on it jurisdiction in actions against foreign corporations having an office in the city of New York, is contrary to Const. art. 6, § 18, providing that the legislature shall not confer on any local court thereafter created any greater jurisdiction than is possessed by county courts.

2. APPEAL—JURISDICTION.

Though the defendant, a foreign corporation, did not object to the lack of jurisdiction of the trial court, it appearing on appeal that the court had no jurisdiction, on account of the residence of defendant, the judgment will be reversed.

Appeal from appellate term.

Action by Amasa Worthington against the London Guarantee & Accident Company, Limited. From an order of the appellate term (58 N. Y. Supp. 1088) reversing a judgment in plaintiff's favor, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Robert L. Morrell, for appellant.

Frederick Hulse, for respondent.

RUMSEY, J.   The action was brought in the municipal court of the city of New York upon a claim for money only against the defendant.   Service was made upon an agent of the defendant in this city.   The pleadings were oral, and no objection was taken to the jurisdiction of the court at the time of answering.   Upon the trial it appeared that the defendant was not a domestic corporation, but that its home office was in Chicago, Ill.   The plaintiff recovered a judgment for the amount of his claim, which, upon appeal to the appellate term, was reversed upon the ground that it appeared that, as the defendant was a nonresident corporation, the municipal court had no jurisdiction.   It appeared in the case that the defendant had an office in the city of New York.   By section 1364 of the Greater New York charter there is given to the municipal court of the city of New York jurisdiction in any action of this kind against a foreign corporation having an office in the city of New York.   It is said by the defendant that it is not within the power of the legislature to give such jurisdiction to the municipal court, which confessedly is a local and inferior court.   The plaintiff insists that the municipal court, as organized by section 1350 and the following sections of the Greater New York charter, is not a new court, but is a continuation of the former district court of the city of New York; and that, as that court had jurisdiction in actions upon contract against a foreign corporation having an office in the city of New York, the continuation of that jurisdiction in the municipal court was not a violation of the constitutional provision subsequently referred to.   But the municipal court as estab-

lished by the Greater New York charter was not a continuation of the district court of the city of New York, but was a creation of a new court of inferior local jurisdiction. That principle has been established in Re Schultes, 33 App. Div. 524, 54 N. Y. Supp. 34, and we have no doubt of the correctness of the decision in that regard. The question, then, is, did the legislature, in establishing the municipal court in 1897, give to it in this regard a greater jurisdiction than the constitution permitted. It has been held in this court, in the case of Irwin v. Railway Co., 38 App. Div. 253, 57 N. Y. Supp. 21, that the act creating the municipal court was constitutional. The learned presiding justice, in writing the opinion in that case, which was concurred in by the whole court, held that the provision of the constitution limiting the power of the legislature in creating inferior local courts did not forbid the creation of a court which would have territorial jurisdiction extending throughout a single municipality, although its territory might contain more than one county; and that jurisdiction extending over the whole territory of the municipality might lawfully be given to such a court, so that every resident within the municipality might be subject to it. But it is said in that opinion that it might be that in the act creating the municipal court jurisdiction might have been attempted to be conferred which contravenes the constitution. In that remark there was had in view the attempt to give jurisdiction to this court over persons who were not residents in the territory over which its jurisdiction extended. This municipal court undoubtedly is an inferior local court, and the power to create such courts, if it was not given to the legislature by the constitution of 1895, clearly was limited in that instance by the provision that the legislature should not confer upon any such court thereafter created any greater jurisdiction than is conferred upon county courts by or under article 6, § 18, of the constitution. In that article the jurisdiction of county courts is prescribed, and it is limited to causes where the defendant resides in the county; and the legislature is expressly forbidden to extend the jurisdiction of a county court in any case where the sum demanded exceeds $2,000, or in which any person not a resident of the county is a defendant. It cannot be denied that this defendant, not being a domestic corporation of the state of New York, is not a resident within the city of New York. Plimpton v. Bigelow, 93 N. Y. 592. Therefore so much of this section 1364 as attempts to give jurisdiction to the municipal court over a foreign corporation, nonresident in the city of New York, was beyond the power of the legislature, and cannot be sustained.

But it is said that the defendant has waived its right to claim that the municipal court had no jurisdiction, because the lack of jurisdiction was not pleaded. It was held in Frees v. Ford, 6 N. Y. 176, that upon an appeal from a judgment of a court of inferior jurisdiction, if it did not affirmatively appear that the court had jurisdiction, the judgment must be reversed. In the case of Burckle v. Eckart, 3 Denio, 279, affirmed in 3 N. Y. 132, it was held that, where the jurisdiction of the court in a particular case depended upon the residence of the defendant, the required residence was

a jurisdictional fact, which must exist before the court can act either by issuing process or accepting the appearance of the defendant; that it was necessary to give jurisdiction of the cause, and that in such a case there could be no waiver; and in that case the decree of the vice chancellor was reversed because of the nonresidence of the defendants within his circuit, although the defendants had appeared, and had not pleaded to the jurisdiction. The same rule has always been held in the courts of the United States in cases brought in the circuit courts. Insurance Co. v. Rhoads, 119 N. Y. 237, 7 Sup. Ct. 193, 30 L. Ed. 380; Gilbert v. York, 111 N. Y. 544, 19 N. E. 268. It is quite true that there are several cases in which it has been held that a county court had jurisdiction, although it was not alleged in the complaint that the defendant was a resident of the county, but in each of these cases the appeal had been taken from a decision upon the merits, and in neither of them did the nonresidence of the defendant appear. All that was decided in either of these cases was that the complaint was defective in not alleging the lack of the jurisdiction, and, as no objection was taken in the pleadings to that defect, the right to take it in that way was waived. But in neither of the cases was it decided (because it was not necessary to decide) that, if the fact of nonresidence had been made to appear, the right to object to the jurisdiction of the court would have been waived because not contained in the pleadings, because in neither of those cases did the fact of nonresidence appear. Bunker v. Langs, 78 Hun, 543, 28 N. Y. Supp. 210; Dake v. Miller, 15 Hun, 356. If these cases can be construed as holding that, because the defendant, being a nonresident, failed to take his objection to the jurisdiction of the court, he was therefore precluded from insisting upon it, and the court had jurisdiction, although the nonresidence afterwards appeared, we do not think they can be sustained in view of the case of Burckle v. Eckart, supra. We think that the question was presented in this case, and that the legislature had no power to give this newly-created court jurisdiction over persons who are nonresidents of the municipality, and for that reason the order of the appellate term is affirmed, with costs. All concur.

COURTS—MUNICIPAL COURT OF NEW YORK CITY—JURISDICTION.

    