### ROUTENBERG v. SCHWEITZER.

(Supreme Court, Appellate Division, First Department. April 2, 1900.)

CONSTITUTIONAL LAW—LEGISLATIVE POWER—JURISDICTION—RESIDENT—MUNICIPAL COURT OF NEW YORK CITY.

Const. art. 6, § 18, provided that the legislature should not confer on any inferior or local court of its creation any greater jurisdiction than was conferred on county courts. Section 14 gave county courts jurisdiction in actions for the recovery of money only when defendant resided in the county. Greater New York Charter, § 1370 (Laws 1897, p. 489), declared that no person who should have a place in such city for the regular transaction of business should be deemed a nonresident, under the provisions of the title which conferred jurisdiction on the municipal court of the city of New York. *Held*, that the constitutional provision restricted the jurisdiction of such municipal court to defendants who were dwellers within the jurisdiction, and the legislature could not expand such jurisdiction by giving a definition to the word "resident" at variance with such restriction.

Appeal from appellate term.

Action by Louis Routenberg against Morris Schweitzer to recover money. From an order of the appellate term (61 N. Y. Supp. 84) reversing a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Henry A. Rubino, for appellant.
Abraham S. Weltfisch, for respondent.

PATTERSON, J. The question presented for determination in this case related to the jurisdiction of the municipal court of the city of New York over a defendant who does not dwell, or is not an inhabitant, within the territorial jurisdiction of that court, but who has a place for the transaction of business in the city of New York. The action was brought in the municipal court of the Fourth district of the city of New York, to recover for goods sold and delivered. Objection was taken to the jurisdiction. The justice of the municipal court decided that the defendant had a place of business in the city, and he therefore retained jurisdiction, under the provision of subdivision 3, § 1370, of the Greater New York charter, relating to the municipal court, and by which it is enacted "that no person who shall have a place in said city for the regular transaction of business shall be deemed a non-resident under the provisions of this title." Upon appeal to the appellate term of the supreme court, the decision of the municipal court justice was reversed, and the matter comes before us for review by the permission of the appellate term.

The views of this court respecting the jurisdiction of the municipal court over nonresident persons are intimated in the opinion written in the case of Worthington v. Accident Co. (decided at the February term of this court, 1900) 62 N. Y. Supp. 591. That was an action in the municipal court against a foreign corporation. We held that the court was without jurisdiction, notwithstanding the provision of section 1364 of the Greater New York charter, which attempted to give to that court jurisdiction over foreign corporations in the city of New York. The general reasoning of the opinion in that case would apply here, although the specific question now before us was not decided. It is not disputed that the municipal court cannot in any way be regarded as other than one of inferior local jurisdiction, or that it cannot have any larger or more extensive jurisdiction than that conferred by the sixth article of the constitution upon county courts. By that article the jurisdiction of the county court is restricted to defendants who reside in the county, and the legislature is prohibited from extending that jurisdiction to persons who are not residents of the county. The jurisdiction of the municipal court over persons made defendants cannot, therefore, by any legislation, be amplified or expanded beyond that possessed by the county court; and the question, therefore, simply resolves itself into the ascertainment of what is the meaning of the word "resident," in the fourteenth section of the sixth article of the constitution. If we are to give effect to the word according to its primary and etymological meaning, it, of course, refers to one having a dwelling or an abode in a particular place for a continued length of time, as its root implies. But we take it that it is to be applied with the meaning and in the general sense in which the word is used in law, except when a special signification is attached to it by some statute, as in those cases relating to taxation, the settlement of paupers, and other enactments in which a particular or special, as distinguished from the primary and general, meaning is given it. As affecting jurisdiction, the word involves the idea both

of· a dweller and of permanency. In Isham v. Gibbons, 1 Bradf. Sur. 82, it is said, "So far as our own constitution and laws speak of residents, the idea of a fixed and permanent dwelling seems to be involved." In Wallace v. Castle, 68 N. Y. 374, it is said that, for the purposes of an attachment against a nonresident, persons who dwell in an adjoining state, but who do business in New York, are not residents of New York, so as to exempt them from attachment process against nonresidents. And in De Meli v. De Meli, 120 N. Y. 491, 24 N. E. 996, it is said that, in legal phraseology, "residence" is synonymous with "inhabitancy," and that, where another signification is given to it, it is in consequence of the provision of some particular statute. In view of what has been said, it is quite apparent that it was not competent for the legislature to expand the jurisdiction of the municipal court by giving a definition to the word "resident" at variance with the signification of that word as used in the judiciary article of the constitution.

The determination of the appellate term was correct, and should be affirmed, with costs. All concur.