## HILL v. MOEBUS et al.

(Supreme Court, Appellate. Term. March 23, 1900.)

MUNICIPAL COURTS—JURISDICTION—APPEAL.

Though, under the constitution, the municipal court of the city of New York has no jurisdiction over a nonresident thereof, and though it has been held that its jurisdiction must affirmatively appear on the record on appeal from its judgment, yet New York City Consolidation Act, § 1382 (Laws 1882, c. 410), applicable to the district courts of the city of New York, and continued in force with respect to the municipal court by Greater New York Charter (Laws 1897, c. 378), and providing that, if objection to the jurisdiction is not taken at the trial, "it is waived, and the court will be deemed to have jurisdiction," not having been considered in such determination, appeal will be granted that its effect may be passed on.

Action by Henderson Hill against John Moebus and another. Judgment for plaintiff was reversed on appeal, and plaintiff moves for leave to appeal to the appellate division. Granted.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Joseph I. Green, for plaintiff.
Oliver E. Davis, for defendant.

BEEKMAN, P. J. It has been held by the appellate division in this department that the municipal court of the city of New York, which was created after the constitution of 1895 took effect, has no jurisdiction over a nonresident of the city as the same now exists. Worthington v. Accident Co. (Sup.) 62 N. Y. Supp. 591. It has also been held in the case of Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266, 319, by the appellate term of this court held in June, 1899, that, the municipal court being an inferior and local court, possessing only such jurisdiction as is prescribed by statute, the jurisdictional facts should affirmatively appear upon the record, and, where such proof is absent, the judgment must be reversed on appeal. This case has been followed in the case at bar, and a judgment in favor of the plaintiff upon the merits has been reversed, and a new trial ordered, solely on the ground that there was no evidence in the record showing that the defendant was a resident of this city. A motion is now made for leave to appeal to the appellate division from this determination. The weight of authority seems to support the contention that in the case of such a court as the one under consideration jurisdiction will not be presumed, but that it must affirmatively appear that it existed; and, where such proof is absent, the judgment must be reversed on appeal. Frees v. Ford, 6 N. Y. 176; Worthington v. Accident Co. (Sup.) 62 N. Y. Supp. 591; Gilbert v. York, 111 N. Y. 544, 19 N. E. 268. But it is contended that, the objection not having been taken on the trial, and the cause having been litigated solely on the merits, the defendant has waived it, and should not be permitted to urge it for the first time upon the appeal. Of course, it must, at the very outset, be conceded that consent cannot give jurisdiction which the court does not possess, so that the most which could be claimed with respect to any such alleged waiver is that, by

failing to raise the question on the trial, the defendant conceded the existence of the facts on which jurisdiction depended. This contention has some support in the cases of Dake v. Miller, 15 Hun, 356, and Bunker v. Langs, 76 Hun, 545, 28 N. Y. Supp. 210. We shall not undertake to discuss these cases beyond saying that the appellate division in the Worthington Case, supra, seems to have expressed grave doubt of their correctness. Were it not for the statutory provision hereafter referred to, there would probably be little difficulty in concluding that the point under discussion was correctly decided in the Tyroler Case, supra. But the attention of that court does not seem to have been called to the provisions of section 1382 of the New York City consolidation act (chapter 410, Laws 1882) applicable to the district courts of the city of New York, and which have been continued in force with respect to the municipal court (Greater New York Charter; chapter 378, Laws 1897). That section, so far as it has any bearing on the point under consideration, reads as follows:

"Sec. 1382. Judgment that the action be dismissed, with costs, without prejudice to a new action, shall be rendered in the following cases: * * * (3) When it is objected at the trial, and appears by the evidence that the action is brought in the wrong district, or by a plaintiff not a resident in the county, without giving the security required by this title, or that the court has not jurisdiction; but if the objection be taken and overruled, it is cause only of reversal on appeal, and does not otherwise invalidate the judgment; if not taken at the trial it is waived, and the court will be deemed to have jurisdiction."

This section was taken bodily from section 45, c. 344, Laws 1857, entitled "An act to reduce the several acts relating to the district courts in the city of New York into one act," and has been in force certainly ever since the year 1857. Of course, this provision cannot override the constitutional inhibition against the assumption by the court of jurisdiction over a nonresident. That the legislature could not do. But it is entirely competent for the legislature to declare that there shall be a presumption of jurisdiction in the case of actions brought in an inferior court until the contrary appears, or that, where no objection is raised on the trial, the jurisdictional facts will be deemed to exist. Such a presumption does not confer or extend jurisdiction, but takes the place of actual proof of the jurisdictional facts where the question is uncontested on the trial. It is the duty of the court, if it be practicable, to give such a construction to a statute as will support rather than destroy it. It seems to us quite possible to do so by holding that the section in question, when it says that where the objection to jurisdiction is not made on the trial "it is waived, and the court will be deemed to have jurisdiction," means that the lack of affirmative proof of jurisdictional facts upon the face of the record cannot be taken advantage of to assail the judgment, and that the court under such circumstances shall be deemed upon the face of the record to have had jurisdiction. In other words, prima facie, at least, the judgment, under such a condition of the record, must be regarded as valid. Furthermore, there can be no objection to the right of the legislature to limit the questions which may be considered on an appeal. There is no such thing as a right to appeal independent of legislative authority, and the legislature may, therefore, in grant-

ing the privilege, attach such conditions and limitations to it as, in its judgment, may be proper. In our opinion, the section in question could well be regarded as involving a prohibition against entertaining such an objection on an appeal from a judgment of the municipal court, and from reversing such judgment on any such ground. The judgment might still be void for actual lack of jurisdiction to support it, but the party against whom it was rendered would not be prevented by his inability to raise the question on appeal from resisting its enforcement against him whenever that was attempted. Of course, it must be remembered that we are not dealing with a case like that of Worthington v. Accident Co., supra, where it affirmatively appeared on the record that there was no jurisdiction, but with one where the court may or may not have acquired jurisdiction, dependent upon a condition of the facts which the record does not disclose. We think that the question under consideration is of such importance as to justify us in allowing an appeal to the appellate division from the judgment.

Motion granted. All concur.