## BANG v. McAVOY.

(Supreme Court, Appellate Division, First Department. June 22, 1900.)

1. NEW YORK MUNICIPAL COURT—APPEAL—RESIDENCE OF DEFENDANT.
    When it appears from a record on appeal from the municipal court of the city of New York that defendant was served with summons within such city, that defendant's own testimony showed that he resided therein, and that in the written contract for breach of which the action was brought defendant is referred to as a resident of a portion of such city, the appellate division will not reverse a judgment in favor of the plaintiff on the ground that the record fails to show that the defendant was a resident of the city of New York.

2. SAME—PORTION OF NEW YORK CITY—JUDICIAL NOTICE.
    The appellate division will take judicial notice that Canarsie is within the territorial limits of the city of New York.

3. SAME—APPELLATE DIVISION—STIPULATION—REVIEW OF WHOLE CASE.
    Where a judgment of the New York municipal court in favor of plaintiff was reversed by the appellate term on the ground that the record failed to show that defendant was a resident of New York City, and plaintiff stipulated that on appeal to the appellate division a review of the case should be confined to the question of jurisdiction of the municipal court, the appellate division will disregard such stipulation, and review the whole case, as the plaintiff could not be injured thereby; and, in case of the reversal of the appellate term, defendant would be entitled to a review of the judgment of the municipal court.

Appeal from appellate term.

Action for breach of contract by Richard T. Bang against Richard McAvoy. From a judgment of the appellate term (61 N. Y. Supp. 83) reversing a judgment of the municipal court in favor of plaintiff, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Jacob H. Shafer, for appellant.
George W. Dease, for respondent.

PATTERSON, J. The plaintiff recovered a judgment against the defendant in the municipal court of the city of New York on a cause of action arising upon contract. The defendant appeared and answered, and the cause was tried upon the merits. On appeal from the judgment to the appellate term of the supreme court, that court reversed the judgment. 63 N. Y. Supp. 1104. Its order does not recite the ground of the reversal, but in the opinion of the court it is stated to have been for the reason that it did not appear anywhere in the record that the defendant was a resident of the city of New York. The appellate term allowed an appeal to this court. The point of jurisdic-

tion was not raised in the municipal court. What it is sought to have us consider here is the question whether objection to the jurisdiction of the municipal court can be taken for the first time on appeal. We have held in Worthington v. Accident Co. (Sup.) 62 N. Y. Supp. 591, that, where it affirmatively appears in the record that the defendant is a nonresident, the municipal court had no jurisdiction; and we have also defined the meaning of the word "resident" as used in connection with the jurisdiction of the municipal court. Routenberg v. Schweitzer, 50 App. Div. 218, 63 N. Y. Supp. 746. The decision of the appellate term (61 N. Y. Supp. 82) in the case now before us followed the rule laid down in its former decision in Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266, 319, in which it was held that, the municipal court being one of local and inferior jurisdiction, its power to hear and determine causes is at all times open to contest, and, unless the record shows that it had jurisdiction over the person of the defendant, the court on appeal will reverse the judgment. There are certain statutory provisions which do not seem to have been called to the attention of the appellate term when this case was before it. Section 1369 of the Greater New York charter assimilates practice and procedure in the municipal court to that which prevailed in the district courts of the city of New York on the 31st of December, 1897. By subdivision 3, § 1382, of the consolidation act, which was in force at the date last mentioned, it was provided that, where the point of jurisdiction was not raised in the district court, it should be deemed to be waived; and, if that statute applies now, it is clear that the question of jurisdiction could not be raised for the first time on appeal. We do not consider it necessary, however, in this particular case to pass upon the effect of the provision of section 1369 of the Greater New York charter, for the reason that upon an inspection of the record herein we find there is evidence that the defendant was a resident of the city of New York. The summons was served, according to the return of the official serving it, on the defendant in the city of New York. The evidence shows that the defendant, by his own statement, was of the city of New York. In the written contract between the parties, and for the breach of which this action was brought, it is recited that the defendant is of Canarsie, N. Y. Canarsie is in the county of Kings, and was part of the former city of Brooklyn, and is within the territorial limits of the present city of New York. The court will take judicial notice of that fact. Chapman v. Wilber, 6 Hill, 475.

In the order of the appellate term granting permission to appeal to this court, reference is made to a stipulation filed by the plaintiff (appellant herein) that nothing will be raised on said appeal except the question whether the record of the municipal court in an action for the recovery of money only must show that the defendant resides within the jurisdiction of the municipal court, and whether the failure of the record to disclose such residence is a jurisdictional defect calling for the reversal of the judgment on appeal, although the defendant did not raise the objection at the trial. We know of no practice by which a single question can be certified by the appel-

late term to this court for review. Where an appeal is allowed, it brings up the whole case; and, while the plaintiff here might be bound by a stipulation, the respondent can in no way be affected by it. As a reversal of the judgment would necessarily lead to an affirmance of the judgment of the municipal court, the defendant (the respondent here) is entitled to have the whole case reviewed upon the merits; and we have, therefore, carefully examined the record of the municipal court to ascertain whether there are errors which require a new trial. Our conclusion is that the case was well decided on the merits. The action was brought to recover damages for the breach of a stipulation contained in a contract by which the plaintiff's assignor "chartered and hired" to the defendant a certain steamboat. The defendant agreed to return the boat at the expiration of the charter to the plaintiff's assignor in as good condition as it was when delivered into his possession, with the exception of ordinary use and wear. The complaint alleged a breach of the agreement to return it in the condition required by the contract, and alleged that the defendant had "misused, illtreated, and abused" the steamboat, and returned her in a "dilapidated condition," and the plaintiff's assignor was compelled to expend a certain sum of money in making repairs, all of which were damages over and above such as were due to ordinary use and wear. The allegations of the complaint with reference to the breach of the contract were denied, and it was affirmatively set up in the answer that the boat was unseaworthy at the time the defendant took possession of her, and that the machinery was in bad order, and broke down, and that the defendant was obliged to make repairs in order that he might use the boat, and that he was put to expense for board and wages of crew and employés of the boat, and he set up a counterclaim for those items of expense. The testimony upon the issues of fact was somewhat conflicting, but upon a review of the whole record we think the conclusion of the municipal court should not be interfered with.

There are no exceptions to the admission or rejection of evidence which raise any question which would materially affect the result.

The determination of the appellate term of the supreme court should be reversed, and the judgment of the municipal court affirmed, on the merits, with costs. All concur.

VAN BRUNT, P. J. I think that, the court having jurisdiction of the subject-matter, by appearing and answering without objection the defendant confers jurisdiction of his person upon the court.