(33 Misc. Rep. 98.)

### MEUTHEN v. EYELIS.

(Supreme Court, Appellate Term. October 11, 1900.)

1. MUNICIPAL COURT — JURISDICTION — DEFENDANT'S RESIDENCE—ALLEGATIONS AND PROOF—NECESSITY.

Plaintiff is not required to allege and prove that defendant was a resident of the city of New York in order to confer jurisdiction on the municipal court, since it is not a new court, but a continuation of the district courts of said city, the jurisdiction of which depended on the character of the action, and not on the residence of the parties.

2. APPEAL AND ERROR—FAILURE TO OBJECT—WAIVER.

An objection that the municipal court had no jurisdiction because it was not alleged and proved that defendant was a resident of New York City cannot be raised for the first time on appeal.

Action by William A. Meuthen against John H. Eyelis. A judgment in favor of plaintiff was reversed. 65 N. Y. Supp. 227. Motion by plaintiff for reargument. Granted.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

M. Strassman, for the motion.
Frank X. McCaffrey, opposed.

BEEKMAN, J. Judgment was rendered in favor of the plaintiff in the action which was brought in the municipal court of the city of New York. Upon an appeal therefrom to this court the objection was made for the first time that it nowhere appeared in the record that the defendant was a resident of said city, and it was contended that for this reason the judgment should be reversed, inasmuch as the jurisdiction of the municipal court did not extend over persons not residents of said city; and that, said court being of inferior and local jurisdiction, and not a court of record, the jurisdictional facts must affirmatively appear upon the face of the proceedings. This

court accepted this view of the law, citing Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266, 319, and Willis v. Parker, 30 Misc. Rep. 750, 62 N. Y. Supp. 1078. The judgment was accordingly reversed, and a new trial ordered. A motion is now made for a reargument of the appeal. We are of the opinion that it should be granted. Since the decision of this appeal the court of appeals has held that the municipal court is not a new court created by the legislature under section 18, art. 6, of the state constitution, but is a continuation of the district courts, and is not, therefore, affected by the limitations expressed in the constitutional provision above mentioned. Worthington v. Accident Co. (N. Y. App.) 58 N. E. 102. The decision of this court in the case of Tyroler v. Gummersbach, above cited, proceeded solely upon the theory that the municipal court was a newly-created tribunal, and not a continuation of the district courts. In the course of the opinion of the court in that case it was said (page 155, 28 Misc. Rep., page 269, 59 N. Y. Supp.): "If, therefore, it could be held that the municipal court of the city of New York is but a continuation of the district courts of the city of New York, with substantially the same jurisdiction theretofore possessed by said courts, the claim of the appellant would be untenable." The opinion also refers to the case of Dammann v. Peterson, 17 Misc. Rep. 369, 40 N. Y. Supp. 70, where it was held by this court that the plaintiff in an action in a district court was not required to allege or prove the residence of either or all of the parties within the judicial district, and that the rule laid down in Frees v. Ford, 6 N. Y. 176, and Gilbert v. York, 111 N. Y. 544, 19 N. E. 268, to the effect that all the facts necessary to confer jurisdiction must affirmatively appear in the record, including the residence of the defendant, applied only to county courts, and did not apply to the district courts, because the jurisdiction of the latter was made to depend solely upon the character of the cause of action, and not upon the residence of the parties. It will thus be observed that the doctrine laid down in the Tyroler Case has been completely overthrown by the decision of the court of appeals in the Worthington Case, and that the rule enumerated by this court in the Dammann Case, supra, is applicable to the municipal court of the city of New York, and must prevail in the case at bar.

We are further of the opinion that an objection such as that which was raised here cannot be taken for the first time upon appeal. Hill v. Moebus, 31 Misc. Rep. 134, 63 N. Y. Supp. 1022; Dammann v. Peterson, 17 Misc. Rep. 369, 40 N. Y. Supp. 70; Bang v. McAvoy, 52 App. Div. 501, 65 N. Y. Supp. 467.

The motion for a reargument of the appeal is granted, such reargument to be held at the October term. Order to be settled on notice. All concur.