To George Willey and Edward Willey, as executors, etc., eighty dollars, the same to be paid as hereinbefore indicated.

Decreed accordingly.

---

JOHN H. DAKIN, Plaintiff, *v.* MIKE ELMORE and ———— HAMILTON, the First Name of Hamilton Being Unknown, Doing Business Under the Firm Name of ELMORE & HAMILTON, Defendants.

(County Court, Schenectady County, July, 1910.)

New trial — Grounds — In general — Defect of proof — Facts conferring jurisdiction.

> A county court being one of limited jurisdiction, the fact of defendants' residence within the county at the commencement of an action for conversion must appear affirmatively and may not be waived.
>
> Where in such an action there was a denial of the allegation of the complaint that defendants were residents of the county and the proof failed to show that such was the fact, a verdict for plaintiff will be set aside and a new trial granted.

ACTION for conversion.

Fenwick & DeVoe, for plaintiff.

Fryer & Lewis, for defendants.

WHITMYER, J.   This action was brought to recover damages for an alleged conversion of certain fine rollers and other tools.   The complaint alleges that defendants are residents of the county of Schenectady and demands judgment in the sum of $583.   The answer is a general denial.   The evidence fails to show that defendants were residents of the county at the time of the commencement of the action.   In fact, the evidence, if it shows anything, shows that they were non-residents at that time.   A motion was made by defendants

at the close of plaintiff's case and again at the close of all the testimony that the complaint be dismissed on the ground, among others, that the evidence failed to show that defendants were residents of the county at the time of the commencement of the action. Decision of the motions was reserved, pending the determination by the jury of the other questions in the case. The verdict was for fifty dollars. Defendants moved, upon the coming in of the jury, to set the verdict aside and for a new trial on the several grounds specified in section 999 of the Code of Civil Procedure, and decision of such motion was also reserved.

Plaintiff claims that defendants have waived the defense of non-residence.

County Courts are courts of limited jurisdiction. The Constitution, article VI, section 14, says that they shall have original jurisdiction in actions for the recovery of money only where the defendant resides in the county and in which the complaint demands judgment for a sum not exceeding two thousand dollars, but that the Legislature may enlarge or restrict this jurisdiction, provided that it shall not be so extended as to authorize an action therein for the recovery of money only, in which the sum demanded exceeds two thousand dollars, or in which any person not a resident of the county is a defendant. The Code of Civil Procedure, section 340, subdivision 3, provides that such jurisdiction shall extend, among other things, " To an action for any other cause, where the defendant is, or, if there are two or more defendants, where all of them are, at the time of the commencement of the action, residents of the county, and wherein the complaint demands judgment for a sum of money only, not exceeding two thousand dollars." It is clear from these provisions that a County Court can only acquire jurisdiction of an action for a sum of money only, where the amount demanded does not exceed the sum of two thousand dollars, and the defendant is a resident, or all of the defendants are residents, at the time of the commencement of the action, of the county where the action is brought.

The residence of a defendant, at the time of the commencement of such an action, in the county where the same is

brought, is a fact which must exist before the County Court of such county can acquire jurisdiction of the action. It is a limitation placed upon the jurisdiction of the court and not upon the parties. As a jurisdictional fact, the court being one of limited jurisdiction, it must appear affirmatively and cannot be waived. Burckle v. Eckhart, 3 N. Y. 133; Frees v. Ford, 6 id. 176; Worthington v. London Guarantee & Acc. Co., 47 App. Div. 611; Perlman v. Gunn, 41 Misc. Rep. 168. In Burckle v. Eckhart, *supra,* it is said: " The residence of a defendant within the limits of the circuit * * * is a jurisdictional fact which must exist before the court can act at all, either by issuing process or accepting the appearance of a defendant. It is necessary to give jurisdiction of the cause, not of the person. In such case there can be no waiver." In Frees v. Ford, *supra,* it was held that, upon an appeal from a judgment of a court of inferior jurisdiction, if it did not affirmatively appear that the court had jurisdiction, the judgment must be reversed. And the consent of a non-resident defendant will not avail to confer jurisdiction. " Consent may give jurisdiction of the person, but not of the subject matter, nor of the action." Parkhurst v. Rochester L. Machine Co., 65 Hun, 490; Davidsburgh v. Knickerbocker Life Ins. Co., 90 N. Y. 526; Weidman v. Sibley, 16 App. Div. 616. In the Davidsburgh case, *supra,* Judge Danforth says: " There are, no doubt, many cases where the court having jurisdiction over the subject matter may proceed against a defendant who voluntarily submits to its decision, but where the State prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants." In the Weidman case, *supra,* it was said: " While in courts of general jurisdiction, an appearance in an action by a non-resident defendant, not served with process, may waive jurisdiction as to his person, it is not so with courts of limited jurisdiction;" and Judge Follett, in his opinion in that case, says: " If all the parties to an action in a County Court should sign an agreement that the court might try and determine an action in which all or some of the defendants were not residents of the county * * * it

would not confer jurisdiction." It is true that the cases of Bunker v. Langs, 76 Hun, 543, and Dake v. Miller, 15 id. 356, cited by plaintiff, seem to hold that the defense of non-residence may be waived. But Judge Rumsey, commenting upon them in the Worthington case, *supra,* says: "If these cases may be construed as holding that because the defendant, being a non-resident, failed to take his objection to the jurisdiction of the court, he was, therefore, precluded from insisting upon it and the court had jurisdiction, although the non-residence afterwards appeared, we do not think they can be sustained in view of the case of Burckle v. Eckart, *supra.*"

It seems, therefore, that a judgment for plaintiff in this court will be void. The motions of defendants are granted.

Motions granted.