form, only one being printed in full in the case on appeal. That was a contract between defendant and one H. P. Conover, of the city of Holmdell, in the state of New Jersey. By that contract defendant granted to Conover the exclusive right to sell Jackson automobiles during the continuance of the agreement within a certain designated territory. The second paragraph of the agreement reads as follows:

"Distributor [defendant] agrees to sell and dealer [Conover] agrees to buy Jackson automobiles on the terms stated hereafter. [Quantities and models specified.] Deliveries to be made before July 31, 1913, as near as possible as specified below, or as advised later. 1—1913 Olympic model in the month of September, 1912."

Standing by itself, this clause might be construed as a firm contract for the sale and purchase of a specified number of cars, with deliveries as required down to July 31, 1913. Subsequent clauses, however, render its fulfillment entirely optional on both sides. Conover agreed to deposit with defendant $200, from which was to be deducted $20 upon each car when shipped. It is then provided that:

"(11) If dealer fails to sell full specified number of automobiles, balance of deposit money will be applied to charges due distributor, refunded to dealer, or applied to next season's line."

And by the fifteenth clause the distributor (defendant) reserves the right to cancel the agreement at any time, returning the deposit money. Thus there remained no obligation upon either party to carry out the agreement, and no liability for damages or otherwise in case of the failure or refusal of either to carry it out. It is impossible to say that such a contract constituted a sale of the number of cars referred to therein, except, possibly, the one car which was agreed to be delivered in the month of September.

Treating each agreement as a sale of the one car specified therein to be delivered, and assuming that plaintiff is entitled to credit for having negotiated each of the ten similar agreements read in evidence, he had not succeeded in contracting for and selling 25 cars on or before October 1, 1912. The defendants were therefore justified in discharging him, and the motion for the direction of a verdict in defendant's favor at the close of the case should have been granted.

The judgment appealed from must be reversed, and the complaint dismissed, with costs to the appellant in all courts. All concur.

---

(162 App. Div. 285)

KORTVELLYESSY v. MANHATTAN COOPERAGE CO. et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1914.)

1. VENUE (§ 22*)—RESIDENCE IN COUNTY—CODEFENDANTS.

Under Const. art. 6, § 14, giving the county court jurisdiction in actions for the recovery of money when the defendants reside in the county, and Code Civ. Proc. § 340, subd. 3, providing that the county court's jurisdiction extends to an action where the defendant is, or, if there are two or more defendants, where "all of them" are, at the time of the commencement of the action, residents of the county, the county court has no jurisdiction of an action on a joint contract entered into on behalf of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a company by its representatives, where the company and one of the representatives are not residents of the county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

2. CONTRACTS (§ 182*)—JOINT AND SEVERAL LIABILITY—"FOR OURSELVES."
A contract by which representatives of a company "do hereby agree and promise for ourselves and for the said  *  *  *  company," etc., creates a joint, and not a joint and several, liability.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 780–787; Dec. Dig. § 182.*]

Appeal from Kings County Court.

Action by Colomon Kortvellyessy against the Manhattan Cooperage Company, Samuel Aronson, and Henry Leibowitz. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant Leibowitz appeals. Reversed, and judgment rendered dismissing the complaint.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

William Austin Moore, of Brooklyn, for appellant.
J. Clifford McChristie, of New York City, for respondent.

PUTNAM, J.   This action was brought upon a written contract in favor of the plaintiff, by which defendants Aronson and Leibowitz, representing the Manhattan Cooperage Company, "do hereby agree, and promise, for ourselves, and for the said Manhattan Cooperage Company, its successors, heirs and executors," to pay unto the plaintiff a certain commission on merchandise sold by the Manhattan Cooperage Company to the New York Tanning Extract Company. This instrument was signed:

"Samuel Aronson, Treas.        [Seal.]
"Henry Leibovitz, Pres.        [Seal.]"

Plaintiff brought his action against the two signers, individually, and the Manhattan Cooperage Company. The three defendants answered. Defendant Aronson by his answer denied the allegation that he resided within the county. Proof was given as to the sales, upon which commissions were computed. The testimony having shown Aronson to be a nonresident of the county, the court dismissed the complaint as to him, and also as against the Manhattan Cooperage Company, but submitted to the jury the liability of Leibowitz alone, against whom a verdict was rendered.

Defendants urged below, and insist on this appeal, that, since all the defendants were not residents of Kings county, the county court never had jurisdiction.

[1] County courts are of limited jurisdiction. Their powers have been restricted by the prior Constitutions of 1846 and 1867. Lincoln's Constitutional Hist. N. Y. I, p. 255; II, 142, 153, 157; III, 360, 373. By the present Constitution, they have "original jurisdiction in actions for the recovery of money only, where the defendants reside in the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

county, and in which the complaint demands judgment for a sum not exceeding two thousand dollars," but that:

"The Legislature may hereafter enlarge or restrict the jurisdiction of the county courts, provided however, that their jurisdiction shall not be so extended as to authorize an action therein for the recovery of money only, in which the sum demanded exceeds two thousand dollars, *or in which any person* not a resident of the county is a defendant." Article 6, § 14.

Section 340, subd. 3, Code of Civil Procedure, provides that the county court's jurisdiction extends—

"to an action for any other cause, where the defendant is, or, if there are two or more defendants, where all of them are, at the time of the commencement of the action, residents of the county."

If more than one defendant, all are to be residents of the county, at the beginning of the action. Burckle v. Eckhart, 3 N. Y. 133; Frees v. Ford, 6 N. Y. 176.

Respondent contends that, although the county court had no jurisdiction over the nonresident defendants, it did have over the resident defendants. However, the Constitution does not say that, if a separate judgment may be rendered against several defendants, a county court may give judgment against those who reside within the county. On the contrary, it expressly provides that all the defendants must be residents of the county in which the action is brought.

Thus Vann, J., so interpreted the Code provisions which—

"make the jurisdiction of county courts depend upon the residence of the defendant, or the *defendants, when there* are more than one." Maisch v. City of New York, 193 N. Y. 460, 463, 86 N. E. 458, 459.

[2] The county judge below followed Weidman v. Sibley, 16 App. Div. 616, 44 N. Y. Supp. 1057 (Fourth Department), decided by a divided court in 1897, soon after the new Constitution took effect. Being an action of tort, the plaintiff having a several liability could drop out the partners who had left the state. Here the liability is joint, as the words "for ourselves" do not make it joint *and several,* as would the words "for each of us." The Leibowitz liability was so joined with that of Aronson that to drop out Aronson, cutting off the remedy by contribution, was essentially different from striking out some of the tort-feasors, between whom there was not, as in the case at bar, any right of contribution. See, also, Worthington v. London Guar. & Acc. Co., 47 App. Div. 611, 62 N. Y. Supp. 591; Dakin v. Elmore, 68 Misc. Rep. 423, 125 N. Y. Supp. 44.

Considering the history of the county courts in this state, with the limits placed on them in three successive Constitutions, it is manifest that all the defendants proceeded against must be residents of the county, as a condition of any jurisdiction by the county court.

I therefore advise that, as this action was not properly begun, the court did not acquire jurisdiction; that the judgment and order of the county court be reversed, and final judgment rendered dismissing the complaint. All concur.