### EDWARD TODD & CO. v. SOUTHERN PAC. CO.

(Supreme Court, Appellate Term, First Department. January 7, 1915.)

COURTS (§ 189*)—MUNICIPAL COURT—ALLEGATIONS OF JURISDICTION.

> Under Municipal Court Act (Laws 1902, c. 580) § 1, subd. 18, limiting the jurisdiction as to foreign corporations to those having an office in the city of New York, a complaint alleging that defendant was a foreign corporation, but not alleging that it had an office in the city, was demurrable.
>
> [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Edward Todd & Co. against the Southern Pacific Company. From a judgment overruling its demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained, with leave to plaintiffs to serve an amended complaint.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Everett J. Esselstyn, of New York City (J. Ard Haughwout, of New York City, of counsel), for appellant.

Reeves, Todd & Swain, of New York City (Eli J. Blair, of New York City, of counsel), for respondents.

BIJUR, J. The complaint alleges that the defendant is a foreign corporation, but does not state that it has an office in the city of New York. It fails, therefore, to show that the Municipal Court has jurisdiction of the person of defendant under subdivision 18 of section 1 of the Municipal Court Act.

There is no doubt that, if the principle expressed in Gilbert v. York, 111 N. Y. 544, 19 N. E. 268, and Frees v. Ford, 6 N. Y. 176, applies to this case, then the jurisdictional facts must be shown to exist in the complaint, as the Municipal Court is an inferior Court of limited jurisdiction. All that has been held in Meuthen v. Eyelis, 33 Misc. Rep. 98, 67 N. Y. Supp. 246, citing Dammann v. Peterson, 17 Misc. Rep. 369, 40 N. Y. Supp. 70, and Worthington v. London Co., 164 N. Y. 81, 58 N. E. 102, is that the jurisdiction of the Municipal Court (not a new court, but a successor of the old District Court) "depends sole-

ly upon the character of the cause of action and not upon the residence of the parties." This, however, was said in a case in which only individuals were concerned as plaintiff and defendant, and the same is true of the Dammann Case.

In Pratt v. Pennsylvania R. R. Co., 66 Misc. Rep. 183, 121 N. Y. Supp. 357, the demurrer was interposed because it did not appear upon the face of the complaint that *plaintiff* was a resident of the state. In respect of corporations, however, the jurisdiction is expressly limited by subdivision 18 of section 1 of the Municipal Court Act, which extends the jurisdiction to all domestic corporations, but limits it as to foreign corporations to those which have an office in the city of New York. Under the circumstances, it seems to me to be clear that this jurisdictional fact must be alleged in the complaint and that the demurrer herein should be sustained.

Judgment reversed, and demurrer sustained, with appropriate costs in the court below and the costs of this appeal, with leave to plaintiff to serve an amended complaint within five days, upon payment of said costs. All concur.