EDWARD TODD & COMPANY, Respondent, *v.* SOUTHERN
PACIFIC COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, January, 1915.)

Municipal Court — of city of New York — jurisdiction — pleading —
Municipal Court Act, § 1(18).

> Where the complaint in an action against a foreign corpo-
> ration brought in the Municipal Court of the city of New
> York contains no allegation that defendant has an office in
> said city, the court under section 1(18) of the Municipal Court
> Act has no jurisdiction.

APPEAL by defendant from a judgment of the Muni-
cipal Court of the city of New York, borough of Man-
hattan, fourth district, overruling its demurrer to the
complaint.

Everett J. Esselstyn (J. Ard Haughwout, of coun-
sel), for appellant.

Reeves, Todd & Swain (Eli J. Blair, of counsel), for
respondent.

BIJUR, J. . The complaint alleges that the defendant
is a foreign corporation, but does not state that it has
an office in the city of New York. It fails, therefore, to
show that the Municipal Court has jurisdiction of the
person of defendant under subdivision 18 of section 1
of the Municipal Court Act.

There is no doubt that if the principle expressed in
*Gilbert* v. *York,* 111 N. Y. 544 and *Frees* v. *Ford,* 6 id.
176, applies to this case, then the jurisdictional facts
must be shown to exist in the complaint, as the Muni-
cipal Court is an inferior court of limited jurisdiction.

All that has been held in *Meuthen* v. *Eyelis,* 33 Misc. Rep. 98, citing *Dammann* v. *Peterson,* 17 id. 369 and *Worthington* v. *London Guarantee & Accident Co.,* 164 N. Y. 81, is that the jurisdiction of the Municipal Court (not a new court but a successor of the old District Court) '' depends solely upon the character of the cause of action and not upon the residence of the parties.'' This, however, was said in a case in which only individuals were concerned as plaintiff and de· fendant, and the same is true of the *Dammann* case. In *Pratt* v. *Pennsylvania R. Co.,* 66 Misc. Rep. 183, the demurrer was interposed because it did not appear upon the face of the complaint that *plaintiff* was a resident of the state. In respect to corporations, however, the jurisdiction is expressly limited by subdivision 18 of section 1 of the Municipal Court Act, which extends the jurisdiction to all domestic corporations, but limits it as to foreign corporations to those which have an office in the city of New York. Under the circumstances, it seems to me to be clear that this jurisdictional fact must be alleged in the complaint and that the demurrer herein should be sustained.

Judgment reversed and demurrer sustained, with appropriate costs in the court below and the costs of this appeal, with leave to plaintiff to serve an amended complaint within five days, upon payment of said costs.

Guy and Page, JJ., concur.

Judgment reversed.