# SUPREME COURT.

## The Clyde & Rose Plankroad Company agt. Benjamin Baker.

In an action prosecuted before a justice of the peace, where a plea of *title* is interposed, and proceedings are had for continuing the prosecution in the county court, it is not necessary, in order to give the county court *jurisdiction*, that it should appear that the defendant was a *resident of the county*, when the action was commenced. The justice had acquired jurisdiction of his person, and that, with the proceedings before him, was sufficient to give the county court jurisdiction.

It is very much doubted whether, in a cause originating in a justice's court, continued by a plea of title in the county court, and then transferred to this court, it is the duty of the court, after a trial is moved on, to entertain any inquiry into the question of the jurisdiction of the county court over the person of the defendant, *provided* enough appears to show that such jurisdiction *may* exist, which may be by the opening statements of counsel, as well as by a copy of the summons and proceedings before the justice.

If it were necessary that the facts, which gave the county court jurisdiction, should be made to appear by the copy pleadings, and proceedings before the justice, the court should allow them to be annexed to the pleadings in the county court.

*Cayuga Special Term, Nov.,* 1854.

Motion to set aside nonsuit, and for a new trial, on bill of exceptions.

The action was commenced by summons and complaint in the county court of Wayne county. The complaint in that court set forth that the plaintiffs were, and, since on or about the 7th day of April, 1848, had been an incorporated company, duly organized pursuant to the provisions of an act of the legislature of the state of New-York, entitled, "An Act to Provide for the Incorporation of Companies to Construct Plankroads, and of Companies to Construct Turnpike Roads," passed May 7th, 1847, and the acts amending the same. That as such corporation they were, and, since on or about the 16th day of August, 1848, have been the owners, and in the possession,

use and occupation of a plankroad track, situate and extending from the village of Clyde, in the county of Wayne, through parts of the towns of Galen and Rose, to the village of Rose Valley in said county, and being about four rods wide and about four miles and three hundred and ten rods long. The complaint also states the filing, on the day and year aforesaid, of the proper certificate of the plank inspectors of said county, in relation to said plankroad. That, upon filing such certificate, the plaintiffs erected two tollgates and gate-houses on and across said road—the one known as the south gate, near the village of Clyde, and the other known as the north gate, near the village of Rose Valley—for the uses of the plaintiffs for collecting toll from persons travelling on said road.

That afterwards, the defendant, well knowing the premises, travelled on said plankroad, and passed through said gates, at divers days and times within the last two years, with divers teams, horses, cattle, carriages and other vehicles, drawn by said animals, upon which he was liable, and from time to time promised to pay toll at said gates, according to the rates prescribed by statute, to the aggregate amount of $20, for which sum the plaintiffs demanded judgment, with interest and costs.

There was no allegation or statement in the complaint, showing, or by which it appeared, that the defendant was a resident of the county of Wayne.

The answer denied specifically various allegations of the complaint; and, among other things, denied that the plaintiffs had any right or title to the place or ground where the track of their road and gates were. It also averred that the track of the supposed plankroad was a public highway, and the possession and right to the use of the same were in the commissioners of highways and the people of the town of Galen, and not in the plaintiffs.

The county judge of Wayne county certified that he had been consulted by and acted as counsel for the plaintiffs in the action, in regard to the matters in question therein, and ordered the action transferred to the supreme court, pursuant to the provisions of § 31 of chapter 470 of the laws of 1847. His

The Clyde & Rose Plankroad Company agt. Baker.

certificate was dated Feb. 28, 1854. The action came on to be tried at a circuit court held in and for the county of Wayne in April, 1854.

The counsel for the plaintiffs, in opening the case to the jury, stated, among other things, that the action was originally commenced before a justice of the peace of Wayne county; that, on the return-day of the summons, the parties appeared before the justice, and the plaintiffs put in their complaint, to which the defendant put in an answer, showing that title to land would come in question on the trial, and gave the undertaking required by § 56 of the Code of Procedure, and thereupon the action before the justice was discontinued, and this action for the same cause commenced in the county court, by deposit of the foregoing summons and complaint with the justice, pursuant to § 60 of the Code, to which complaint the defendant had put in the foregoing answer, being the same defence he had put in before the justice.

Whereupon the defendant's counsel objected to any further proceedings in the action in this court, on the ground that the substance of the facts above stated in the opening did not appear upon the summons or complaint by which this action was commenced in the county court; and that it did not appear by the said summons and complaint that the county court had jurisdiction of the cause of action, or of the person of the defendant. The said justice sustained the objection, to which decision of the court the plaintiff's counsel excepted.

The plaintiffs then offered to produce the proceedings and pleadings in the action before the justice, and annex them to the pleadings, which was objected to by the defendant, on the ground that the court, having no jurisdiction of the action, could not take or permit any step or proceeding therein, &c., and the court sustained the objection, and the plaintiff's counsel excepted.

The plaintiffs then offered to prove the fact that the defendant was a resident of the county of Wayne, to which the defendant objected on the same grounds last stated, and the court sustained the objection, and the plaintiff's counsel excepted.

The Clyde & Rose Plankroad Company agt. Baker.

The plaintiffs then asked leave of the court to amend their summons and complaint, by inserting suggestions to the effect that this action was originally commenced in a justice's court, &c., as stated in the opening of the counsel. To which offer defendant objected on the grounds,

1. That the court, having no jurisdiction of the action, could not take or permit any step or proceeding therein.

2. That the court could not acquire jurisdiction by making a new record, which would form an issue in an action which then had no existence in this court.

The court sustained the objection, and the plaintiff's counsel excepted.

The plaintiffs then applied to the court for leave to amend the summons and complaint, by inserting therein allegations to the effect that the defendant was a resident of the county of Wayne, to which the defendant objected on the same grounds last stated. The court sustained the objection, and the plaintiff's counsel excepted.

The court then nonsuited the plaintiff, to which the plaintiff's counsel excepted.

A motion is now made, on the part of the plaintiffs, to set aside the nonsuit, and for a new trial.

C. D. LAWTON, *for plaintiffs*.
S. A. GOODWIN, *for defendant*.

WELLES, Justice. Under the facts stated by the plaintiffs' counsel in his opening, and which were offered to be proved, the jurisdiction of the county court did not depend upon the residence of the defendant, nor whether such residence was in the county of Wayne. That fact would be important, on the question of jurisdiction, only in a case where the action was originally commenced in the county court.

If it was necessary in this case that the complaint or summons, or any of the pleadings, should show the defendant to have been a resident of the county of Wayne at the time of the commencement of the action in the county

The Clyde & Rose Plankroad Company agt. Baker.

court, under § 60 of the Code, the same would be equally necessary in all cases brought into that court, in pursuance of that and the next five preceding sections:—and it would follow that an answer, in an action before a justice of the peace by a defendant, who was not a resident of the same county with the justice, showing that the title to real property would come in question, accompanied by the proper undertaking, would oust the justice of jurisdiction, without giving the plaintiff the right to continue the prosecution in the county court, or affording him any other remedy, excepting to bring his action in the first instance in the supreme court, or some county court, without reference to the amount of his claim, or of suing before a justice in the county where the defendant resided; and the consequence would be the same if the expression, "time of its commencement," in the first subdivision of § 30, is to be understood as referring to the time of the commencement of the action *in the county court;* because the defendant might remove from one county to another after the discontinuance before the justice, and before the action was commenced in the county court; to do which, the act allows the plaintiff thirty days.

It follows that it was entirely immaterial where the defendant resided. The justice had acquired jurisdiction of his person, and *that*, with the proceedings which ensued before him, was all that was necessary to give the county court jurisdiction. The only consideration which has occurred to me, as presenting any difficulty in the way of the plaintiffs proceeding with the trial at the circuit is, that the copy of the summons and pleadings, which is supposed to guide the court in regard to the issues to be tried, do not show that the county court had jurisdiction of the parties. But this, as I shall attempt to show was not indispensable. I doubt very much whether it is the duty of the court, after the trial is moved on, to entertain an inquiry into the question of its jurisdiction over the person of the defendant, provided enough appears to show that such jurisdiction *may* exist, which was the case here, provided the counsel's opening statement was true.

There is no statute, or rule of practice, requiring the facts

The Clyde & Rose Plankroad Company agt. Baker.

stated to be in writing, or to be incorporated in the copy pleadings. Some practitioners have pursued the course of introducing them into the declaration in cases before the Code, in the form of a suggestion; but it never was held to be an issuable averment. (*Tuthill* agt. *Clark*, 11 *Wend*. 642.) What the practice has been under the Code, I am not advised. I do not think it was necessary, either before or since the Code was enacted. I think the circuit court should have suffered the trial to proceed, and the prevailing party could have made the facts in question a part of the judgment-roll by attaching thereto the proceedings before the justice, including a copy of the undertaking, with such suggestions as were necessary to show their application. (*Code*, § 281, *2d sub*.) I see no more objection to this, than in annexing to the judgment-roll the order of the county judge, by which the supreme court acquired its jurisdiction in this case—which would be indispensable to show a good and valid judgment by the judgment-roll. Any untrue or unwarrantable suggestion which a party might cause to be attached, would, on motion, be ordered to be detached from the roll.

In this case, the plaintiffs offered to produce the pleadings and proceedings before the justice, and annex them to the pleadings. The court refused to allow this to be done. What more could properly have been required of the plaintiffs, I am at a loss to conceive.

I have shown, I think, that it was unnecessary to show, in any way, that the defendant was a resident of the county of Wayne: and if the facts which gave the county court jurisdiction should be made to appear by the copy pleadings, or by papers or proceedings in conjunction with them, I know of no more appropriate way than that which was offered to be pursued.

For these reasons, I think, a new trial should be granted—with costs to abide the event.