### DONNELLY v. WOOLSEY.

*(Supreme Court, General Term, Second Department.   July 2, 1891.)*

EFFECT OF APPEARANCE—WAIVER.

Where the summons in an action is personally served in Q. county, and there is a general appearance and demand for a copy of the complaint, which lays the venue in Q. county, and stated that both parties resided there, defendant, by such appearance, submits to the jurisdiction in Q. county.   Affirming 13 N. Y. Supp. 433.

Motion for reargument.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

BARNARD, P. J.   The motion for a reargument should be denied.   The defendant leased a farm to the plaintiff, with a right to compel him to vacate on 70 days' notice.   If such notice was given, and the farm given up, the damages were to be appraised by arbitration.   The lease was an extraordinary one in its provisions, and was full of possible litigation.   The case on the trial developed serious questions of fact, and these questions have been settled by a jury.   The action was commenced in the county court by the service of a summons only.   The defendant appeared generally, and demanded a copy of the complaint.   This gave the county court jurisdiction, even if both parties were not residents of Queens county, where the venue was placed.   The general appearance before the framing and service of the complaint did not render the general appearance less effective.   The court had jurisdiction of the cause of action, and of the parties, if residents.   The summons gave jurisdiction of the person, if accepted and assented to; and the general appearance was a waiver of all objection.   The court of appeals has decided the point presented in various cases.   *Clapp* v. *Graves*, 26 N. Y. 418; *Jones* v. *Jones*, 108 N. Y. 415, 15 N. E. Rep. 707.   The motion should be denied, with $10 costs.   All concur.