ADELBERG v. HOROWITZ et al.

(Supreme Court, Appellate Division, Second Department.   July 23, 1898.)

1. FRAUDULENT CONVEYANCE—PURCHASE FROM BONA FIDE VENDEE.
    A debtor may dispose of his property with the intent to defraud his creditors, and yet give a good title to one who pays value, and has no knowledge of, and does not participate in, the fraud; and the latter may accordingly confer a good title even upon one who knew of the fraud, but did not participate in it.

2. CONVERSION—EVIDENCE.
    Proof of actual possession of the property by the plaintiff is enough to sustain an action for conversion, except as against the true owner, or some one connected with him.

Appeal from Orange county court.

Action by Sarah Adelberg against Philip Horowitz and others. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

Max D. Steuer, for appellants.
A. H. F. Seeger, for respondent.

WILLARD BARTLETT, J.   Most of the exceptions in this record are frivolous.   The action was originally brought against the sheriff of Orange county to recover the value of certain clothing, cloth, ribbons, and similar articles, which were taken by the sheriff in a replevin suit brought by Philip Horowitz against Abraham Adelberg, the plaintiff's husband.   There is no doubt that the goods, or a considerable quantity thereof, had once belonged to the husband.   In an action against the husband by one Logan, they were sold, under execution, to a man named William Grossman, for $215.   The evidence warranted the jury in finding that Grossman purchased the property at a fair price, in good faith, without notice or knowledge of any fraud or fraudulent purpose on the part of the plaintiff's husband, if there was any, in allowing Logan to obtain judgment against him. Grossman subsequently sold the goods to the wife for $50 in cash and a note for $230, and it was after this sale that the sheriff took them by virtue of process in the replevin suit against her husband.

In behalf of the defendants the court was requested to charge "that even if the transaction between Grossman and the plaintiff was in good faith, but if the jury find that there was a scheme upon the part of Adelberg to permit that judgment to be entered against him, which was known to Mrs. Adelberg, that, although Grossman acted in good faith, yet nevertheless no title passed to the plaintiff, and she cannot

recover." To this request the court responded, "If Grossman purchased the goods, acting in good faith, he had a right to sell them to whom he pleased." Whereupon defendants' counsel said, "If sold to a woman who had knowledge of the fraud, if there was a fraud, I submit that she cannot recover." In the record this remark is followed by the words "Denied. Exception,"—which mean, we suppose, that the court refused to charge the request as qualified, and that the counsel for the defendants duly excepted to the ruling. There was no error, however, in the refusal. "A debtor may dispose of his property with the intent to defraud his creditors, and yet give a good title to one who pays value, and has no knowledge of, and does not participate in, the fraud." Zoeller v. Riley, 100 N. Y. 102, 108, 2 N. E. 388, 391, and authorities there cited. This rule suffices to uphold Grossman's title in the present case; and the mere fact that the wife, to whom he afterwards sold the property, may have known that her husband let it go out of his hands, on the execution sale, with an intent to defraud his creditors, did not invalidate the title which Grossman, as a bona fide purchaser, transferred to her. It would be different if the wife, instead of simply being informed of the scheme, had been a participant in it, so that she could be regarded as a conspirator with her husband. No such idea, however, was expressed or suggested in the request under consideration, if, indeed, anything could be found in the evidence which would sustain such a view of the plaintiff's conduct.

A portion of the goods alleged to have been converted consisted of 12 jackets, which were shown to have been in the possession of the wife for the purpose of selling them on commission for one S. Schwartz. The defendants contend that the plaintiff was bound to prove title to these goods in herself, in order to maintain trover; but in this view they are mistaken. Proof of actual possession of the property is enough to sustain an action for conversion, except as against the true owner, or some one connected with him. Wheeler v. Lawson, 103 N. Y. 40, 8 N. E. 360.

It is asserted in the brief for the defendants that the plaintiff's counsel, in the course of the examination of one of the defendants' witnesses, denounced his testimony as untrue; and it is insisted that the court should have granted the request of counsel to be allowed to withdraw a juror in consequence of this prejudicial comment by his adversary. This point is disposed of by the omission of the case on appeal to record the objectionable words thus attributed to plaintiff's counsel. The appeal book merely shows that the defendants' counsel stated that such remarks had been made, whereupon the court said, "Go on with the case." This may well have been because the learned trial judge understood what was said differently from counsel, or because he perceived that the comments, whatever they were, could not have improperly influenced the jury. At all events, the condition of the record renders it impossible to predicate error upon the manner in which the trial was conducted in this respect.

There are no other exceptions which require discussion. Some immaterial documentary evidence was admitted, but it could not possibly have harmed the appellants. Upon the issues of fact a different

verdict would have found sufficient support in the testimony, but we cannot say that the verdict rendered was against the evidence, or wrong.

The judgment should be affirmed.   All concur.