HERMAN VOGEL, Respondent, *v.* A. BLEECKER BANKS and Others, Appellants.

*Municipal Court of New York city — jurisdiction of — removal of a case to the County Court — a defendant answering on the merits cannot object to its jurisdiction — justification of a conversion under a general denial.*

The Municipal Court of the city of New York has jurisdiction of an action to recover $500 damages for the conversion of personal property.

Where the defendants in such an action answer upon the merits, and upon giving the bond required by section 1366 of the Greater New York charter (Laws of 1897, chap. 378) remove the case to the County Court of Kings county, they will be estopped to say that the latter court has not jurisdiction of their persons.

Such defendants, under a general denial, cannot justify the conversion by showing title in a stranger to the suit without connecting the defendants with it.*

APPEAL by the defendants, A. Bleecker Banks and others, from a judgment of the County Court of Kings county in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 24th day of October, 1900, upon the verdict of a jury, and also from an order entered in said clerk's office on the 24th day of October, 1900, denying the defendants' motion for a new trial made upon the minutes.

The action was originally commenced in the Municipal Court of the city of New York, borough of Brooklyn, third district. It was brought to recover damages for the unlawful conversion of personal property belonging to the plaintiff, and the complaint demanded judgment in the sum of $500.

*John C. Coleman,* for the appellants.

*David Teese,* for the respondent.

Judgment affirmed, with costs, on opinion of HURD, County Judge.

All concurred.

The following is the opinion of HURD, County Judge :

*See *Jacob* v. *Haefelein* (*post*, p. 533).

HURD, J.:

This action was commenced in the Municipal Court. That court had jurisdiction of the persons of the defendants and of the subject of the action. ( *Worthington* v. *London G. & A. Co.,* 164 N. Y. 81; *Dodge Mfg. Co.* v. *Nassau Show Case Co.,* 44 App. Div. 603; *Irwin* v. *Metropolitan Street R. Co.,* 38 id. 253; *Kantro* v. *Armstrong,* 44 id. 506.)

The defendants answered upon the merits and gave the bond required by section 1366 of the charter (Laws of 1897, chap. 378), and removed the case to this court. This court had jurisdiction of the cause of action, which is a money demand for $500. (Const. art. 6, § 14; Code Civ. Proc. § 340.)

Upon principle and authority I think that the defendants are estopped to say that the court has not jurisdiction of their persons. ( *McMahon* v. *Sherman,* 14 N. Y. St. Repr. 637; *Potter* v. *Neal,* 62 How. Pr. 158; *Clapp* v. *Graves,* 26 N. Y. 418; *Clyde & Rose Plankroad Co.* v. *Baker,* 12 How. Pr. 371; *Bunker* v. *Langs,* 76 Hun, 543.)

The defense was a general denial; the conversion could not be justified by showing title in a stranger to the suit without connecting the defendants with it.

There was no such plea, and no such question was before the court. ( *Wheeler* v. *Lawson,* 103 N. Y. 40.)

Motion for new trial denied; five per cent extra allowance to plaintiff.

Stay of twenty days after entry of judgment.