MAX PERLMAN and JENNIE PERLMAN, Plaintiffs, *v.* THOMAS GUNN, as One of the Marshals of the City of New York in the Borough of Brooklyn, and THE UNION SURETY AND GUARANTY Co., Defendants.

(County Court, Kings County, June, 1903.)

**County Court — Jurisdiction.**

Residence in the county is essential to give a County Court jurisdiction in an action to recover a sum of money only; residence must appear on the face of the pleadings and neither consent nor waiver will give jurisdiction.

A complaint, in an action brought in the County Court of Kings county to recover upon the bond of a surety of a marshal of the

city of New York in the borough of Brooklyn, is demurrable where it does not upon its face show that the defendant surety is a resident of Kings county.

The Municipal Court Act (L. 1902, ch. 580, tit. VIII, art. II) has not changed the rule first above stated.

DEMURRER to complaint.

Simon Sultan, for plaintiffs.

Van Schaïck & Norton, for defendants.

CRANE, J.   This action is brought under article II, title 8, of chapter 580 of the Laws of 1902, known as the Municipal Court Act.

The complaint alleges the appointment of the defendant Gunn as a marshal of the city of New York in the borough of Brooklyn, and the giving of a bond by the defendant surety company, as provided by section 294 of said article. It also alleges the existing conditions, which, if true, would make the defendant surety company liable on the bond, and also that pursuant to sections 295 and 296 permission was granted by the Supreme Court to prosecute said bond in the County Court of Kings county.

The defendant surety company demurs on the ground that the complaint does not allege that it is a resident of the county of Kings, and, therefore, this court has no jurisdiction.   This defendant's attorney claims that the above Municipal Court Act cannot give jurisdiction to the County Court of Kings county over a corporation not having its principal place of business located in that county, although it has given a bond provided by the act in the course of its business; in other words, that it may receive the benefits but not the burdens or obligations of this provision of law.

In the first place, has the County Court jurisdiction of a nonresident in an action for a sum of money only, even with his consent?   There are cases which hold that it has, namely: Donnelly v. Woolsey, 15 N. Y. Supp. 490; 38 N. Y. St. Repr. 39; and Bunker v. Langs, 76 Hun, 543.   These cases

hold apparently that nonresidence as a defense to jurisdiction may be waived by the defendant. To my mind, however, the trend of authorities in this State is that in an action for a sum of money only residence in the county is a jurisdictional fact which cannot be waived. That unless the defendant resides in the county the court has not jurisdiction of the case even with his consent; that it is a limitation placed upon the court and its jurisdiction and not upon the parties.

The Constitution, article VI, section 14, says that the County Court shall have original jurisdiction in actions for the recovery of money only where the defendant resides in the county, but that the Legislature may enlarge or restrict this jurisdiction provided that in an action to recover money only the amount shall not exceed two thousand dollars, or the defendant be a nonresident.

Burckle v. Eckhart, 3 N. Y. 132, holds that where residence is not a jurisdictional fact it may be waived by appearing generally or by consent, otherwise not.

Wheelock v. Lee, 74 N. Y. 495, in speaking of the jurisdiction of the City Court of Brooklyn, says, in substance, that where the court has jurisdiction by reason of the action arising in the county, or the property being in the county, jurisdiction of a nonresident may be acquired by appearance generally, etc., but where its jurisdiction as a city court depends solely on service within the county, this could not be waived or jurisdiction given to the court by the parties' consent which was not given by law.

In Weidman v. Sibley, 16 App. Div. 616, it was said: "While in courts of general jurisdiction an appearance in an action by a nonresident defendant, not served with process, may waive jurisdiction as to his person, it is not so with courts of limited jurisdiction," and Judge Follett in his opinion says: "If all the parties to an action in a County Court should sign an agreement that the court might try and determine an action in which all or some of the defendants were not residents of the county, * * * it would not confer jurisdiction."

The First Department in the case of Worthington v. London Guarantee Co., 47 App. Div. 609, said of the Bunker v. Langs case, above cited, that if it held that a nonresident, by failing to take his objection to the jurisdiction of the court, was thereafter precluded from insisting upon it, and that the court had jurisdiction although the nonresidence afterward appeared, that it was not the law and not in line with the authorities. Although this case was afterward reversed in 164 New York, 81, it was not upon this point.

It seems therefore, as above stated, that residence in the county must be a fact to give this court jurisdiction in an action to recover a sum of money only, and that neither omission nor consent of the parties can or will do it. Furthermore residence within the county is not presumed but must appear on the face of the pleading. Gilbert v. York, 111 N. Y. 544.

Now, in the complaint in question, it is not alleged that the defendant surety company is a resident of the county of Kings. But it may be said that the Municipal Court Act above referred to provides that the bond given for the faithful performance of the marshal's duties may be sued upon in the County Court, and that as it gives to surety companies the privilege of going upon these bonds they by so doing consent to abide by the provisions of that law, or in other words, accept the burdens or restrictions together with the privileges. As I have above stated, however, jurisdiction cannot be consented to in case of a nonresident, nor can that fact be waived. The parties' act cannot extend the court's constitutional limitations.

As the complaint fails to allege the residence within the county of this defendant the demurrer must be sustained, but it may not be amiss, in view of the power of the plaintiff to amend his complaint, to ask what is the residence of a domestic corporation? Generally speaking its place of residence is where it has its place of business, and if it have several places of business it may also have several places of residence; it may also be, I take it, where it has property or where it transacts business, if the Legislature so enact.

See Pond v. Hudson River Railroad Co., 17 How. Pr. 543; Heenan v. New York, W. S. & B. R. Co., 34 Hun, 602.

It may be competent for the Legislature to direct in what county or counties a domestic corporation shall be considered a resident for the purpose of conferring jurisdiction upon the County Courts. This the Legislature has done in section 341 of the Code of Civil Procedure by providing that the residence of a domestic corporation for this purpose shall be where it has its principal place of business pursuant to statute, or its articles of association, or is in fact actually located, or in case of a railroad company where any portion of its road is operated.

If, therefore, this defendant surety company has such a place for the transaction of its business as provided by this section, within the county of Kings, then this court would have jurisdiction of this action when this fact of its legal residence is properly pleaded.

I do not think, however, that the Municipal Court Act intended to fix the place of residence of surety companies, giving bonds under it so as to provide that a surety company giving a bond for a marshal within the county of Kings should be considered a resident of that county for the purpose of giving this court jurisdiction.

In other words, the Municipal Court Act has not enlarged or extended, to my mind, the provisions of section 341 of the Code, and the residence of domestic corporations still remains as therein specified. This act could not give jurisdiction to this court over nonresidents, as that is prohibited by the Constitution.

The demurrer is sustained, with leave to the plaintiff to amend his complaint within twenty days, if he so desires.

Demurrer sustained, with leave to plaintiff to amend within twenty days.