Harry C. Raynes, Plaintiff, *v.* Samuel Bloom, Defendant.

(County Court, Kings County, June, 1904.)

County Court of Kings county — Jurisdiction of an action to recover of a non-resident of the county a sum of money only, removed by the defendant to the County Court from a Municipal Court of the city of New York.

The County Court of Kings county has jurisdiction of an action brought in the Municipal Court of the city of New York in the borough of Brooklyn against a non-resident of Kings county to recover a sum of money only and removed by the defendant under the Municipal Court Act to the County Court — in a case where the Municipal Court had jurisdiction of the subject matter and of the defendant — not because the removal estops the defendant from raising the question of the jurisdiction of the County Court

in such a case, but because Code Civ. Pro., § 2439, as amended in 1893, had the effect of giving the County Court of Kings county jurisdiction over actions removed to it from district and justices' courts — of which the Municipal Courts are a continuance and have jurisdiction in cases where district and justices' courts had formerly had it — even if the action was for a sum of money only and the defendant a non-resident of the county, and this jurisdiction was expressly preserved to the County Court of Kings-county by section 14 of article VI of the State Constitution providing that "County Courts shall have the powers and jurisdiction they now possess".

ACTION to recover brokerage commission. Motion for a new trial.

F. P. Hummel and Jacob Levy, for plaintiff.

Einstein, Townsend & Guiterman, for defendant.

CRANE, J. This action was brought in the Municipal Court in the borough of Brooklyn to recover the sum of $500 brokerage commission, and upon the application of the defendant under the Municipal Court Act an order was made removing the case into this court.

Upon the trial it appeared that the cause of action arose in the borough of Manhattan, and it affirmatively appeared and is beyond dispute that the defendant resided in the borough of Manhattan and never within the county of Kings.

By the answer in the County Court and upon the trial the objection was raised that the County Court had no jurisdiction because the defendant was a nonresident of the county, and a verdict having been rendered for the plaintiff the defendant moves for a new trial on this ground.

It is claimed by the plaintiff that the want of jurisdiction has been waived by the removal of the case into the County Court by the defendant and that as the Municipal Court had jurisdiction in the first instance, so has this court. It is insisted that the case of Vogel v. Banks, 60 App. Div. 459, has settled this question and that this court should be bound by that decision.

If this court has not jurisdiction over *the cause of action* the defect cannot be waived by any act of the parties, nor

can jurisdiction be conferred by their consent, and although it is stated in the Vogel case that the removal from the Municipal Court into the County Court estops the defendant from raising the question of the jurisdiction of the County Court, with all due respect I do not think waiver or estoppel to be the correct ground for that decision for the reasons stated in my opinion in the case of Perlman v. Gunn, 41 Misc. Rep. 166. If the County Court has not jurisdiction of the *cause of action* it can never be conferred by consent, waiver or any act of the parties. There is a distinction between jurisdiction of the person and jurisdiction of the cause of action. The County Court never had jurisdiction of a *cause of action* to recover money only, where the defendant was a nonresident of the county.

The earliest constitutional provision in reference to County Courts is found in article VI, section 14, of the Constitution of 1846, reading as follows: " The county court shall have jurisdiction, in cases arising in justice's courts, and in special cases as the legislature may prescribe and shall have no original civil jurisdiction except in such special cases." By this provision it was left to the Legislature to prescribe the County Court's jurisdiction, and thereafter and on the 12th of May, 1847, an act was passed known as " The Judiciary Act," (chap. 280), which prescribed and limited the powers of the County Court in actions for money only, to cases where the defendant resided within the county. Residence within the county where the action was brought to recover a sum of money only was required in the Civil Codes (Code of 1851, tit. 4, § 30; Voorhees' N. Y. Code [4th ed.], 1855, tit. 4, § 30) and these early provisions of the Judiciary Act have remained, with some changes and modifications, down to the present day. See Code Civ. Pro., 1904, § 340.

The Constitution of 1846 having given the County Court original civil jurisdiction in such special cases as the Legislature should prescribe, and the Legislature having restricted jurisdiction over actions to recover a sum of money only to cases where the defendant resided in the county, such were the powers and limitations of the County Court in this particular when the Constitution of 1846 was amended in

1869–1870. By that amendment article VI, referring to the County Court, read: " The county courts shall have the powers and jurisdiction they now possess, until altered by the legislature. They shall also have *original* jurisdiction in all cases where the defendant resides in the county in which the damages claimed shall not exceed one thousand dollars, and also such appellate jurisdiction as shall be provided by law, subject however to such provisions as shall be made by law for the removal of cases into the supreme court. They shall also have such original jurisdiction as shall from time to time be conferred upon them by the legislature." This was held in the case of Buckhout v. Rall, 28 Hun, 484, to be a constitutional limitation upon the jurisdiction of the County Court so that even the Legislature could not enlarge it to a claim for more than $1,000, and the statute of 1880, chapter 480, extending the court's jurisdiction to $3,000 was declared unconstitutional. If the Legislature could not thus extend the powers of the court, it likewise could not give jurisdiction over a cause of action for money only, where the defendant was a nonresident of the county, and if the Legislature could not do it because the court was created by constitutional provision to try *certain cases only,* how could consent, waiver or act of the parties or even estoppel confer jurisdiction upon it, in a prohibited case?

The Constitution of 1894 somewhat modified article VI of the previous Constitution by expressly providing that the Legislature could not extend the jurisdiction of the County Court so as to authorize an action therein for the recovery of money only, in which the sum demanded exceeded $2,000 or in which any person not a resident of the county was a defendant.

According to the provisions governing the County Court as above stated and for the reasons contained in my decision in the case of Perlman v. Gunn, *supra,* and the cases therein cited, I am convinced that the County Court never had original jurisdiction over a *cause of action* for a sum of money only, where the defendant was not a resident of the county; and not having jurisdiction of the cause of action,

the acts, consent or waiver of any or all the parties or estoppel could not confer such jurisdiction.    See also Parkhurst v. Rochester Mach. Co., 65 Hun, 489.

There must be some other and further reason for the decision in the Vogel case than the opinion states to give the County Court jurisdiction over a cause of action removed to it from a Municipal Court, where that action is for a sum of money and the defendant a nonresident of the county.

Both the Constitution of 1846, amended in 1869, and that of 1894 preserved to the County Courts " All the powers and jurisdiction they now possess " while the limitations as to amount and residence applied to " Original jurisdiction."

Now, what were the powers and jurisdiction the County Courts possessed prior to 1869 ?   As above stated the County Court at that time and at no time during its existence had original jurisdiction over an action to recover money where the defendant was a nonresident, but the Constitution of 1846 provided that the County Court should have such jurisdiction as the Legislature might prescribe, in two instances; first, in cases arising in justices' courts; second, over special cases.

The Legislature by early enactments gave to the County Court certain jurisdiction over cases arising in justices' courts. It provided in the laws of 1851, and as found in Voorhees' Code of 1855, §§ 351–371, for review by appeal to the County Court of the justice's decision.   Later section 352 was amended in 1862, by providing that on appeal, where the amount claimed exceeded fifty dollars, _a new trial_ could be had in the County Court, and this has remained the law till the present day (Code Civ. Pro., § 3068) and was the law in Kings county till 1893, when by chapter 380 of the laws of that year, section 2934 of the Code was amended to read as follows:   " Where an issue of fact or an issue of law is joined in a justice's court, or before a justice of the peace in the city of Brooklyn, or in any of the towns in the _county of Kings,_ in which the judgment demanded by either party in his pleadings exceeds the sum of one hundred dollars * * .* the defendant may, after issue joined * * * apply to the justice before whom the action is brought for an

order removing the action into the county court of the county of Kings * * * From the time of the granting of the order the county court of Kings county has cognizance of the action, and the same shall be tried and determined by said county court as if originally brought therein."

Strange as it may seem, this is the reading of section 2934 of the Code to-day, although we have not had a justice of the peace or a justice's court in Brooklyn, nor in any towns in Kings county since consolidation in 1897, and although the first Greater New York Charter provided for Municipal Courts and removal from them into the County *or Supreme Court.*

However, when the Constitution of 1846 was amended in 1869, the County Courts had jurisdiction upon appeal to try cases originally brought in the justices' courts. What cases could be brought in the justice's court and could a nonresident of the county be sued therein?

By 2 Revised Statutes (p. 225, art. I, 1829), the justices' courts were given certain jurisdiction over cases to recover money, and it was provided that such actions must be brought in the town where either the plaintiff resided, or the defendant resided, or if plaintiff and defendant both be *nonresidents of the county,* then such action may be brought before any justice of the town in which the plaintiff or defendant may be. Thus the justices' courts in certain cases to recover money had jurisdiction over nonresidents. Worthington v. London G. & A. Co., 164 N. Y. 84.

Upon appeal and a demand for a new trial in such a case the County Court assumed or had jurisdiction to try a case for the recovery of money only, in which the defendant was a nonresident of the county and this was its jurisdiction preserved by the amended Constitution of 1869, and still remains outside of New York city. Article VI, section 15, of the amended Constitution of 1846 reads: "The county courts shall have the powers and jurisdiction they now possess *until altered by the legislature."* The Legislature accordingly, in 1893, proceeded to alter the jurisdiction and powers the County Court had in cases on appeal from the justices' courts in Kings county by doing away with the

two trials in certain cases and permitting removal from the justice's court into the County Court. Thus instead of having the first trial in the justice's court and then upon appeal a new trial in the County Court, removal, upon application, was permitted so that the first and only trial would be in the County Court. Laws of 1893, chap. 380; Code Civ. Pro., § 2934.

This was according to and not in contravention of the Constitution of 1846 as amended. The County Court, therefore, upon such removal from the justice's court could and might have jurisdiction to try a case brought to recover a sum of money only where the defendant was a nonresident of the county, provided of course the justice's court had jurisdiction of the cause and the parties.

This act of 1893 did not confer upon the County Court in such cases "original" jurisdiction over nonresidents prohibited by the Constitution, as it was held, in the case of Cook v. Nellis, 18 N. Y. 126, that an action commenced in the justice's court where a claim of title was interposed and upon discontinuance recommenced in the County Court pursuant to statute was not "originally" brought in the County Court, but in the justice's court. See also Clyde & Rose Plank Road Co. v. Baker, 12 How. Pr. 371.

Thus we find that at the time of the adoption of the Constitution of 1894, the County Court of Kings county had jurisdiction over cases removed to it from the justices' courts even if the actions were for a *sum of money only, and the defendant a nonresident of the county* and this jurisdiction was expressly preserved by section 14, article VI of that Constitution. " County Courts shall have the powers and jurisdiction they now possess."

It was decided in the Worthington case above cited that the Municipal Courts of the greater city of New York were a continuance of the district courts of the old city of New York and of the justice's courts of Brooklyn and had jurisdiction of nonresidents in cases where the district and justices' courts had formerly had it. As the Municipal Court in this case had jurisdiction of the defendant, and of the cause, the County Court upon removal by the defendant

also had jurisdiction, not by *waiver* or *estoppel,* but because it always had such jurisdiction, or at least did have it since 1893 and prior to the Constitution of 1894 and such jurisdiction was preserved to it by that Constitution.

The provisions of the Municipal Court Act permitting removals to the County Court are similar to, although not the same, as section 2934 of the Code of Civil Procedure.

It follows that the defendant's motion for a new trial based upon the assertion that this court has not jurisdiction of the cause, because it affirmatively appears that he is a resident of Manhattan and not of Kings county, must be denied.

Motion denied.