(82 Misc. Rep. 656.)

### LORD et al. v. WOOLLEY et al.

(Supreme Court, Trial Term, Nassau County. November, 1913.)

1. TRIAL (§ 177*)—QUESTION OF LAW AND FACT—DIRECTION OF VERDICT—MOTION BY BOTH PARTIES.

Where at the close of the evidence both parties moved for a directed verdict, they thereby submitted to the court all questions of law and fact.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

2. PLEADING (§ 124*)—DENIALS—INCONSISTENT AFFIRMATIVE ALLEGATIONS.

In an action for conversion of certain plumbing materials, plaintiffs alleged on information and belief that M. Bros. contracted with defendants to furnish the plumbing and heating fixtures necessary for the alteration and improvement of a house and to install the same. Defendants failed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

144 N.Y.S.—25

to deny such allegations specifically, but alleged that they contracted with M. Bros., to do the plumbing and steam heating work and furnish necessary plumbing and steam heating materials in accordance with the plans and specifications for the improvements for a definite sum. *Held*, that defendants' allegation in the answer was merely inconsistent with the allegation in the complaint, and not a denial thereof.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 256; Dec. Dig. § 124.*]

3. SALES (§ 199*) — IMPROVEMENT OF REAL PROPERTY — MATERIALS — PASSING TITLE.

Where one contracts to perform work on a building and to furnish materials to be used in the performance thereof, in the absence of special agreement, he does not part with title to such materials until they are incorporated into or attached to the building.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 516–523; Dec. Dig. § 199.*]

4. TROVER AND CONVERSION (§§ 16, 23*)—RIGHT TO SUE—TITLE OR POSSESSION.

A plaintiff cannot recover for the conversion of chattels unless he had the general or special title thereto, or was entitled to the possession thereof when they were taken from him; but, if he is in actual possession at the time of the taking, such possession will be presumed rightful, and defendant cannot defeat the action by showing title in a third person unless he can in some way connect himself with such title.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 119–147, 163–166; Dec. Dig. §§ 16, 23.*]

5. TROVER AND CONVERSION (§ 16*)—MATERIALS—TITLE—RIGHT TO POSSESSION —"WORK FURNISHED."

Plaintiffs contracted with M. Bros. for certain additions and alterations to a dwelling house, and M. Bros. contracted with defendant to do the plumbing work. The contract provided for monthly payments of 85 per cent. of the value of the "work furnished" by subcontractors and the actual value of the "work furnished" by the contractor, and that the owners might, under certain conditions, terminate the employment of the contractors and enter on the premises and take possession, for the purpose of completing the work, of all materials, tools, and appliances thereon. *Held*, that furnishing materials to be used in completing the plumbing contract was not "furnishing work" within the 85 per cent. clause, and, there being no evidence that the architects had certified that the conditions on which the employment might be terminated had occurred, plaintiffs were not shown to have acquired title to the materials so furnished nor to have been in possession at the time defendant removed them so as to entitle plaintiffs to recover therefor in conversion.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 119–147; Dec. Dig. § 16.*]

Action for conversion by Franklin B. Lord and another, as trustees, etc., against Charles H. Woolley and others. Judgment for defendants.

Herbert C. Lakin, of New York City (Allan B. A. Bradley, of New York City, of counsel), for plaintiffs.

Rawdon W. Kellogg, of Jamaica, for defendants.

BENEDICT, J. [1] In this action, tried before me at the Nassau Trial Term, both parties moved at the close of the evidence for the direction of a verdict, thus submitting to the court all questions of fact as well as questions of law. The action was brought to recover

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the value of certain chattels alleged to have been converted by the defendants. The complaint sets forth that the plaintiffs, as trustees under the will of Franklin B. Lord, and Franklin B. Lord, Jr., are the owners of certain real property; that plaintiffs contracted with Mc-Avoy Bros. for the moving of, and alterations and additions to, a dwelling house upon said property; and that McAvoy Bros. contracted with the defendants to furnish plumbing and heating fixtures for such work and install them; that certain such fixtures were delivered by the defendants on the premises on or about October 28, 1912; that certain payments were made by plaintiffs to McAvoy Bros. upon certificates of the architect, pursuant to the contract, one of which was made about November 12, 1912; and that the said fixtures remained on the premises until after that date. It is further alleged that the plaintiffs are the owners of said fixtures, which are of the value of $773.94; that defendants removed and converted said fixtures on or about December 4, 1912, to the plaintiffs' damage in the last-mentioned sum, for which amount judgment is demanded.

The answer denies certain allegations of the complaint, and contains also certain affirmative allegations not denominated as a separate defense or defenses, and demands judgment dismissing the complaint.

[2] In the brief submitted on behalf of the defendants the claim is made that the defendants owned the fixtures in question at the time of the removal, because of the fact that they had not been attached to the freehold. The complaint contains the following allegation:

"IV. Upon information and belief, said McAvoy Bros. entered into a contract with the defendants herein to furnish the plumbing and heating fixtures necessary for the alteration and improvement of said house and to install the same."

This was admitted by the defendants by failure to deny it in the answer, and it must therefore be taken as true and as a statement of the nature of the contract between McAvoy Bros. and the defendants. This allegation was artfully drawn to sustain plaintiffs' theory of the case that title to the fixtures in question passed on delivery, and the defendants have artlessly failed to deny it, but instead have affirmatively alleged, in one of the uncharacterized paragraphs of the answer that "the defendants entered into a contract with McAvoy Bros. to do the plumbing work and the steam heating work, and furnish the necessary plumbing materials and steam heating materials" in accordance with the plans and specifications for a definite sum.

[3] It is too well settled to need the citation of authorities that an affirmative statement in an answer inconsistent with an allegation of the complaint does not constitute a denial of such allegation. Hence the statement quoted from the answer does not avail the defendants. If the facts contained in this statement had been properly presented to the court by the pleadings and proved upon the trial (which was not done or attempted to be done), I would have no hesitation in directing a verdict for the defendants; for the authorities in this state, although few in number, are unanimous in support of the proposition that one who contracts to perform work on a building and to furnish materials to be used in the performance thereof does not, in the ab-

sence of a special agreement, part with the title to such materials until they are actually incorporated into or attached to the building. Lyttle v. Petty, S. & W. Realty Co., 26. Misc. Rep. 405, 56 N. Y. Supp. 222; Johnson v. Hunt, 11 Wend. 135; Andrews v. Durant, 11 N. Y. 35, 62 Am. Dec. 55; Merritt v. Johnson, 7 Johns. 473, 5 Am. Dec. 289. See, also, Bellamy v. Davey, L. R. 1891, 3 Ch. 540; Tripp v. Armitage, 4 M. & W. 687; Wait on Engineering & Architectural Jurisprudence, § 271.

In considering this case, therefore, I shall assume that upon delivery of the fixtures in question to McAvoy Bros. they became the property of that firm.

[4] Is there, then, anything to show that plaintiffs prior to the alleged conversion had acquired title thereto, or such possessory rights as would enable them to maintain this action?

The Court of Appeals in a recent case has said:

"But, even if the defendant had no right to the property as against the plaintiff, still no one can recover for the conversion of chattels unless he had the title thereto, general or special, or was entitled to the possession thereof when they were taken from him. Unless he has title or right to possession, he must fail, even if the defendant has neither." Johnson v. Blaney, 198 N. Y. 312, 316, 91 N. E. 721, 722.

See, also, Deeley v. Dwight, 132 N. Y. 59, 63, 30 N. E. 258, 18 L. R. A. 298.

Other cases have held, however, that where the plaintiff was in actual possession of the property at the time of the taking, he is entitled to maintain an action for conversion, for his possession is presumed to be rightful; and defendant cannot defeat the action by showing title in a third party, unless defendant can in some way connect himself with the title of such third party. Wheeler v. Lawson, 103 N. Y. 40, 45, 8 N. E. 360; Adelberg v. Horowitz, 32 App. Div. 408, 410, 52 N. Y. Supp. 1125.

[5] In the first place, then, did the plaintiffs show that at the time of the alleged conversion they either had title to the chattels or were entitled to the possession thereof? I think they did not show that they had title. If title passed to McAvoy Bros., there is nothing to show that it passed from them to the plaintiffs. McAvoy Bros. were under a contract with the plaintiffs to do certain structural work and furnish the materials therefor. Whether or not the written contract was binding on the parties—it was signed by only two of the three trustees—it may be taken as an expression of the terms under which McAvoy Bros. were doing the work. The materials brought by them to the premises were their property until incorporated into the structure, under authorities already cited. Lyttle v. Petty, S. & W. Realty Co., supra; Johnson v. Hunt, supra; Merritt v. Johnson, supra; Andrews v. Durant, supra. The fixtures in question were never attached and so remained the property of McAvoy Bros. until the alleged conversion. Plaintiffs' claim that the title vested in them because of certain payments made under the contract cannot be supported. In Johnson v. Hunt, supra, Merritt v. Johnson, supra, and Andrews v. Durant, supra, payments on account were made to the contractor under the

contract; but it was held that the materials still remained the property of the contractor. See, also, Davis v. Bliss, 187 N. Y. 77, 69 N. E. 851, 10 L. R. A. (N. S.) 458. The fact that the plumbing and heating fixtures on the premises were included in making up the monthly statements of McAvoy Bros., and considered by the architect in giving his certificates, if such was the fact, does not seem to me material. The contract provided for monthly payments "equal to 85 per cent. of the value of the work furnished by subcontractors and the actual value of the work furnished by this contractor." Furnishing materials is not furnishing work, and in my opinion the value of materials merely deposited on the premises and not affixed ought not to have been included. But were I to hold otherwise in this respect, I should regard the doctrine of the authorities above cited as still applicable.

As the right of possession, in the absence of evidence to the contrary, follows the title, McAvoy Bros. must be deemed to have had the right of possession; for there is no evidence to show that any such right was vested in the plaintiffs. Under the fifth article of the contract between the plaintiffs and McAvoy Bros., it was provided, among other things, that the owners might, under certain conditions, terminate the employment of the contractors, and enter upon the premises and take possession for the purpose of completing the work of all materials, tools and appliances thereon. The condition upon which this right depended was that the architect should certify that the default of the contractors to supply labor and materials necessary for the work was sufficient ground for such action. There is no evidence, however, that the architect did so certify, and hence no right of possession in the plaintiffs can be based on this clause.

Were the plaintiffs, then, in actual possession of the articles alleged to have been converted at the time they were removed? I think that that was not shown. There is no evidence to show at what date the removal took place. Beecher, the only witness who gave direct testimony on this point, was very vague as to the time. There is testimony that there was trouble on this job, but no testimony that the contractors abandoned the work, or were superseded. In fact, there is nothing to show but that the removal of the said fixtures may have taken place while McAvoy Bros. were still on the work, and, if so, they must be deemed to have been in possession of the materials not affixed to the premises.

Verdict directed for defendants.