(83 Misc. Rep. 44.)

### HART v. CORT.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

1. LITERARY PROPERTY (§ 7*)—LICENSE—EXCLUSIVENESS.

A license to produce a play within the United States and Canada during a limited term did not give an exclusive right to produce such play, where the contract did not so provide.

[Ed. Note.—For other cases, see Literary Property, Cent. Dig. § 6; Dec. Dig. § 7.*]

2. CUSTOMS AND USAGES (§ 15*) — CONTRACTS — CONSTRUCTION — BURDEN OF PROOF.

A contract granting a license to produce a play within the United States and Canada during a limited term, without specifying whether the right to produce the play was exclusive or not, was not ambiguous so as to place upon the licensor suing for the stipulated compensation the burden of showing that it was not exclusive, because of an alleged custom that licenses for the production of a play by a well-known performer is deemed exclusive within the territory and for the period for which it is granted, since custom may be resorted to only to remove an ambiguity and not to create one.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 30–33; Dec. Dig. § 15.*]

3. CUSTOMS AND USAGES (§ 19*)—EVIDENCE—BURDEN OF PROOF.

One to whom a license to produce a play was granted, who relied on a custom that such licenses were exclusive, had the burden of showing

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the existence of such a well-known custom that the parties must have contracted with the intention and expectation that it would apply to their contract.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 41–43, 45, 46; Dec. Dig. § 19.*]

Appeal from City Court of New York, Trial Term.

Action by Thomas Riego Hart against John Cort. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Alfred E. Hinrichs, of New York City, for appellant.

House, Grossman & Vorhaus, of New York City (Alfred Beekmann, of New York City, of counsel), for respondent.

PAGE, J. [1, 2] The action is brought upon a contract by which the plaintiff granted to the defendant a license to produce the play "La Tosca" within the United States and Canada during a limited term, upon the payment of a royalty of $50 for each performance; the defendant agreeing to give at least 40 performances. The defendant did not produce the play, and plaintiff's action is to recover the sum of $2,000, less the sum of $350 paid on account upon signing the contract. The answer admits the making of the contract, and that the defendant did not produce the play, and by way of defense sets forth an alleged custom by which a license for the production of a play by a well-known performer is deemed to be exclusive within the territory and for the period for which it is granted, and that the plaintiff violated the condition of the agreement imposed by such custom, by granting to some other person, without the knowledge or consent of the defendant, a license to produce the same play within the term and territory limited by the contract. The defendant further counterclaimed to recover the $350. Upon the trial the learned judge held this contract to be ambiguous for the reason that it was not specified therein whether the right to produce the play was exclusive or not and held that the burden was upon the plaintiff to prove that the license was not exclusive. The case was submitted to the jury upon this theory.

This was manifest error. The language of the contract is plain and unambiguous. The defendant is given the right to produce the play with limitation as to the time and place. If it had been intended that a further limitation was to be placed upon the plaintiff's rights over the play in the meantime, words expressive of that intention could and should have been embodied in the contract.

The assertion by the defendant of the existence of a custom that would impose such a limitation upon the plaintiff did not render the contract ambiguous.

"Custom is to be resorted to in the construction of contracts, only in cases of doubt or ambiguity as to their meaning. It is not available to create such a doubt or ambiguity." Marlatt v. Erie Ry. Co., 154 App. Div. 388, 391, 139 N. Y. Supp. 771, 773.

[3] The burden rested upon the defendant to prove the existence of such a well-known custom that the parties must have contracted with the intention and expectation that it would apply to their contract. In my opinion the defendant's evidence does not establish the existence of such a custom. If such a custom exists, it is strange that all the licenses to produce a play upon which judicial action has been sought, either to restrain the violation of defendant's exclusive right or to obtain damages for a violation thereof, have had the words "sole" or "exclusive" inserted before the words "right to produce." The fact that no reference to such a custom is made in the various text-books on the subject would inferentially negative its existence as an open and well-known custom in this particular business.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.