ANNA K. HARLOW, Plaintiff, *v.* PEARL K. HARLOW, Defendant.

Supreme Court, Erie County, March, 1924.

**Husband and wife — action by wife for separation on ground of abandonment — res judicata — judgment in prior action for separation dismissing complaint and deciding that defendant had not abandoned plaintiff is no defense — issue as to whether plaintiff had abandoned defendant not determined by said judgment — exacting from plaintiff release of her dower right as condition of defendant's return was unfair — plaintiff entitled to judgment.**

In an action by a wife for separation on the ground of abandonment a judgment in a prior action for separation dismissing the complaint without prejudice to the defendant to bring an action for separation against the plaintiff is not a defense where the only issue determined by said judgment was that the defendant had not abandoned the plaintiff and the issue as to whether the plaintiff had abandoned the defendant was left open and undecided.

The fact that the plaintiff prior to the commencement of this action made two specific offers to return to the defendant and resume her marital duties and made another offer subsequent to the commencement of the action, and that the plaintiff has always been willing to live with the defendant, clearly establish abandonment sufficient to entitle the plaintiff to judgment.

The exacting by the defendant from the plaintiff of a release of all her dower rights in his property as a condition of his return to her was unfair and without justification.

ACTION for separation.

*Hamilton Ward,* for the plaintiff.

*A. Glenni Bartholomew,* for 'the defendant.

BROWN, J. In January, 1922, the plaintiff commenced an action against the defendant for a judgment of separation, upon the grounds of cruel and inhuman treatment and abandonment. The defendant interposed an answer denying the cruel and inhuman treatment and abandonment, and set up a counterclaim alleging that plaintiff abandoned the defendant, demanding an affirmative judgment in his behalf for a separation. The plaintiff replied to such answer. The issues were referred to an official referee to take the testimony and report to the court, with an opinion. Upon the trial, at the close of the plaintiff's case, the defendant moved to dismiss the complaint for the failure of the plaintiff to prove sufficient facts to constitute a cause of action. The learned referee granted the motion and made his report consisting of findings of fact and conclusion of law. The findings of fact are to the effect that the defendant did not abandon the plaintiff, and included a finding, as follows: " That plaintiff, in May, 1921, voluntarily separated from the defendant without justification and with the intention of not returning, and has ceased to cohabit with the defendant without defendant's consent and with the intention not to resume such cohabitation." The conclusion of law was that the defendant was entitled to a decree and final judgment dismissing plaintiff's complaint on the merits, without prejudice to the defendant to bring an action for separation against the plaintiff on the ground of abandonment. The Special Term confirmed the referee's report and rendered a judgment, on June 25, 1923, dismissing the plaintiff's complaint, without prejudice to this defendant to bring an action for separation against the plaintiff on the ground of abandonment.

On June 27, 1923, the plaintiff wrote the defendant a letter stating, among other things: ' " If you are ready and willing to furnish me a suitable home, and properly support me there, I am prepared to resume our marital relations and live with you." On

July 9, 1923, the plaintiff renewed the offer. Defendant making no response to plaintiff's offers, this action was commenced September 10, 1923, for a judgment of separation, on the ground of abandonment based on the offers to resume marital relations made June twenty-seventh and July ninth respectively. On September twenty-second plaintiff again wrote defendant expressing her willingness to resume marital relations, resulting in the defendant imposing as a condition that plaintiff sign off her dower rights to defendant's real estate. On November 2, 1923, defendant interposed an answer denying plaintiff's allegation of abandonment, alleging that the judgment entered June 25, 1923, and the finding of fact set forth in the judgment roll, quoted above, is a bar to the plaintiff's alleged cause of action; and also alleging as a counterclaim that plaintiff had abandoned the defendant, and demanded an affirmative judgment of separation against the plaintiff; to which counterclaim plaintiff served a reply denying her abandonment of the defendant.

The defense now urged is based solely upon the judgment roll and the judgment entered June 25, 1923. The judgment roll contains the finding above quoted and the judgment. By the express terms of the judgment the plaintiff's complaint is dismissed; no relief is awarded the defendant based upon the finding above quoted; the judgment recites that it is without prejudice to the defendant to bring an action for separation against the plaintiff on the ground of abandonment. While such finding was within the issues presented by the pleadings, it was not within the issues that were determined by the judgment, neither was such finding essential or necessary, for the reason that the judgment is not based thereon. The only issue that was determined by the judgment was that the defendant had not abandoned the plaintiff. The issue as to whether the plaintiff had abandoned the defendant was not determined by the judgment. The complaint of the plaintiff was dismissed, for the reason that upon the proofs the defendant had not abandoned the plaintiff. The fact that the judgment states that the dismissal of the plaintiff's complaint was without prejudice to the defendant to bring an action for separation against the plaintiff, on the ground of abandonment, establishes that the finding of abandonment of the defendant by the plaintiff did not enter into the judgment. The judicial determination of the abandonment of the defendant by the plaintiff was not made by the judgment rendered; it was left open and undecided by the judgment.

Neither the verdict of a jury nor the findings of a court in a prior action upon the precise point involved in a subsequent action

between the same parties, constitute a bar, unless followed by a judgment based thereon, or into which the verdict or finding entered. It is the judgment which constitutes the bar and not the preliminary determination of the court or jury. So also, for obvious reasons, although judgment has been entered, the judgment does not prevent the relitigation of any irrelevant fact, although it may have been litigated and found in the prior action. *Springer* v. *Bien,* 128 N. Y. 99, 102; *Stannard* v. *Hubbell,* 123 id. 520; *Silberstein* v. *Silberstein,* 218 id. 525.

It clearly appeared upon the trial of this action that the plaintiff, in June and in July, 1923, offered to return to the defendant and resume her marital duties, and that the defendant, in September, 1923, before serving his answer, stated to the plaintiff that he would be glad to take the plaintiff back if she would agree to sign over her dower rights in his property. The plaintiff has always been willing to live with the defendant, if he would live with and provide for her. The exacting from the plaintiff of a release of all her dower rights in his property, as a condition of his return to her, was most unfair and without justification. The refusal of the defendant to permit the plaintiff to live with him and to provide a home for her, his failure to make any provision for her support, his absence from the plaintiff with intent not to return, constitute abandonment. The plaintiff is entitled to a judgment of separation from the defendant, and for her support and maintenance the defendant to pay her $150 per month, together with the costs of this action.

Let findings be prepared.

Judgment accordingly.