EPHRAIM F. JEFFE, Respondent, v. PEARL JEFFE, Appellant.— Order granting motion to strike out from the amended answer the first separate defenses to first and second causes of action affirmed, without costs. No opinion. Lazansky, P. J., Kapper, Hagarty, Tompkins and Davis, JJ., concur.

ESTHER V. LITT, Appellant, v. SOL LITT, Respondent.— Judgment modified by striking therefrom the following: " and it is further Ordered, Adjudged and Decreed, that the plaintiff, Esther V. Litt is not entitled to any support or maintenance from the defendant, Sol Litt." As so modified the judgment is unanimously affirmed, without costs. In our opinion the Special Term was without authority to make that part of the judgment, inasmuch as the defendant did not counter-claim for a separation, and no judgment of separation was given in his favor, thereby leaving the matrimonial status of the parties unchanged by the dismissal of the plaintiff's amended complaint. Findings of fact numbered eighth and ninth and the second conclusion of law are reversed. Present — Lazansky, P. J., Carswell, Scudder, Tompkins and Davis, JJ.

MARY LUNNEY, Respondent, v. CELIA KATHERINE BRAUNSTEIN and RAMOLA McBRIDE, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Scudder, Tompkins and Davis, JJ.

JOHN McCORMACK, Respondent, v. WHITEHOUSE MILK AND CREAM COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

ALTER MICHIGAN, Respondent, v. TAU REALTY CORPORATION, Defendant, THOMAS H. HEFFRON, Appellant, and PARADIO HOLDING CORPORATION, Purchaser, Appellant.— Order directing the purchaser to complete its purchase affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Tompkins and Davis, JJ., concur.

JOSEPH MILLER and MARGET MILLER, Respondents, v. HARRY L. KATZ and Others, Appellants, and MINNIE I. GROSSWIRTH, Defendant.— Order of Appellate Term and judgment of the City Court, county of Kings, reversed on the law and the facts and a new trial ordered, costs to abide the event. The answer of the defendants denied the allegation of the complaint that all of the defendants were residents of Kings county on the date of the commencement of the action, and at the trial plaintiffs failed to prove that the defendants against whom the action was continued were all residents of Kings county on the 15th day of November, 1926, when the action was commenced. There was no waiver, express or implied, and hence the court acquired no jurisdiction of the persons, and defendants made a motion at the close of the plaintiffs' case, as soon as it was known that plaintiffs had failed to give such proof, for a nonsuit on that ground, and renewed the motion at the close of the whole case. (See *Kortwellyeszsy* v. *Manhattan Cooperage Co.,* 162 App. Div. 285; *Cunneen* v. *Kennedy,* 170 id. 908; *Landers* v. *Staten Island R. R. Co.,* 53 N. Y. 450; *O'Connor* v. *City of New York,* 191 id. 238.) Lazansky, P. J., Carswell, Scudder, Tompkins and Davis, JJ., concur.