DELNO LYALL, Respondent, *v.* WILLIAM J. FASO, Appellant.

Supreme Court, Appellate Term, First Department, March 7, 1946.

*John F. Finn, Jr.,* for appellant.

*Bernard Braun* for respondent.

MEMORANDUM *Per Curiam.* The application for change of venue to the county of residence, made upon the grounds of nonresidence and no place of business by either party in the county in which the action was brought, was properly denied. *Strauss* v. *Ocean Accident & Guarantee Corp., Ltd.* (146 Misc. 766 [1933]) settled the question of practice and procedure here involved thirteen years ago and we see no error or reason for change. Section 36 of the New York City Court Act (L. 1926, ch. 539) provides the Rules of Civil Practice shall govern the practice of that court so far as they are applicable, unless provision to the contrary is set forth in the rules of practice. Section 48 of the City Court Act makes no provision for a demand as required by rule 146 of the Rules of Civil Practice or any

provision to the contrary (*Strauss* v. *Ocean Accident & Guarantee Corp., Ltd., supra*). The reference in that decision to "change in the place of trial on account of the convenience of witnesses" may be misunderstood as it was not necessary to the decision therein. Section 48 makes no provision for change of venue on such a ground undoubtedly because there could be no such inconvenience as between the counties embraced within the city of New York. Rule XX of the Rules of the City Court, effective June 1, 1935, after the decision in *Strauss* v. *Ocean Accident & Guarantee Corp., Ltd.* (*supra*), is entitled "Demand for Change of Place of Trial" and reads: "All applications to transfer a cause to another division * * * pursuant to * * * section 48 * * * shall be upon notice returnable at Special Term * * *." This did not adopt a rule different from that required by *Strauss* v. *Ocean Accident & Guarantee Corp., Ltd.* (*supra*), and uniformity of practice and procedure in the higher courts of original jurisdiction will be maintained by adherence to that decision. The decision of *Miller* v. *Katz* (234 App. Div. 870 [2d Dept.]) is inapplicable as it had to do with an action commenced November 15, 1926, in Kings County. In that year there was a sort of hiatus between the creation in the election of 1925 by constitutional amendment (N. Y. Const., art. 6, §§ 14–18) of the additional divisions in the City Court of the City of New York and the establishment of such divisions in the territory outside the old New York City limits as they existed in 1895. During the year 1926 the law governing the jurisdiction of County Courts was applicable to Kings, Queens and Richmond Counties and to actions brought therein and residence was a jurisdictional fact required to be pleaded and proved. That decision merely stated the correct rule that the residence of the defendants in Kings County was pleaded but not proved, which was a jurisdictional defect, and although the judgment for plaintiff was reversed, a new trial was ordered.

Order affirmed, with $10 costs and disbursements.

HAMMER, McLAUGHLIN and EDER, JJ., concur.

Order affirmed.